## STATE v. BROWNFIELD.

1. "CASE."—Statement in "Case" (Insert Testimony), (Insert Judge's Charge), without so inserting, does not make them a part of an agreed "Case."

2. PLEADING—INDICTMENT—QUASHING—RACE.—That no member of race to which defendant belonged was on the grand jury which indicted him, is of itself no ground for quashing indictment.

3. IBID.—IBID.—IBID.—IBID.—Motion to quash an indictment because no member of race to which defendant belonged was on the jury, and that they were so excluded because of their race or color, must be sustained by distinct evidence, or evidence to that effect must be offered and refused, before refusal to quash can be assigned as error. The verification of the moving papers and statement therein that defendant is ready to prove such facts, is not sufficient.

4. CHARGE—HOMICIDE.—Request to charge that a lawful arrest made in a menacing manner may be resisted by killing the officer, properly refused, because it eliminated from the jury the conduct of defendant.

5. IBID.—HOMICIDE.—Request as to justifiable or excusable killing, properly refused, because, as stated, it would have been a charge on the facts, and it failed to take into consideration the conduct of defendant.

Before GARY, J., Georgetown, November, 1900. Affirmed.

Indictment against John Brownfield for murder of James C. Scurry. From verdict of guilty and sentence thereon, defendant appeals.

*Messrs. J. L. Mitchell* and *W. J. Whipper,* for appellant, cite: *On the motion to quash:* Crim. Code, 56; 33 S. C., 100; 177 U. S., 144; 109 U. S., 65; Crim. Code, 38; 162 U. S., 592; 172 U. S., 213; 100 U. S., 303; 103 U. S., 370. *As to resisting arrest:* 2 Ency., 2 ed., 980.

*Solicitor John S. Wilson,* contra. Oral argument.

June 4, 1901. The opinion of the Court was delivered by MR. JUSTICE GARY. The defendant was indicted, tried

and convicted of murder, at the November, 1900, term of the Court of General Sessions for Georgetown County, in said State, and sentenced to be hanged on the 28th day of December, 1900.

Upon his arraignment the defendant's attorneys made a motion to quash the indictment on the following grounds: "And now comes the defendant, John Brownfield, in his own proper person, and moves the Court to set aside and quash the indictment herein against him, because the jury commissioners appointed to select the grand jury which found and presented said indictment, selected no person or persons of color or of African descent, known as negroes, to serve on said grand jury; but, on the contrary, did exclude from the list of persons to serve as such grand jurors all colored persons or persons of African descent, known as negroes, because of their race and color; and that said grand jury was composed exclusively of persons of the white race, while all persons of the colored race or persons of African descent, known as negroes, although consisting of and constituting about four-fifths of the population and of the registered voters in said city and county of Georgetown, and although otherwise qualified to serve as such grand jurors, were excluded therefrom on account of their race and color, and have been so excluded from serving on any jury in said Court of General Sessions for Georgetown County for a considerable time back, which is a discrimination against the defendant, since he is a person of color and of African descent, known as a negro; and that such discrimination is a denial to him of the equal protection of the laws, and of his civil rights guaranteed by the Constitution and laws of the United States. All of which the defendant is ready to verify.    John Brownfield.    Sworn to before me, this 15th day of November, A. D. 1900.    J. B. Edwards, (L. s.) Notary Public S. C."

This motion was overruled, and thereupon the defendant's attorneys excepted.

The defendant's attorneys then challenged the array of

grand and petit jurors, upon the same grounds as were submitted on the motion to quash the indictment. This motion was also overruled, and to this ruling the defendant's attorneys likewise excepted. The defendant thereupon pleaded not guilty.

The testimony is not set out in the agreed case, upon which the appeal was heard by this Court, but under the word "Testimony" are the words "(Insert testimony)." This, however, did not make the testimony a part of the agreed case. *In Re Estate of Perry*, 42 S. C., 183; *Moore v. Perry*, 42 S. C., 369. In the agreed case are also the words: "The Judge's charge was as follows: '(Insert Judge's charge).'" The charge was not inserted, and under the authorities just cited, was not a part of the agreed case.

The defendant appealed upon five exceptions, the fifth of which was withdrawn.

The first exception is as follows: "I. Because his Honor, Judge Gary, the presiding Judge, erred in refusing defendant's motion to quash the indictment, on the ground that there was no member of the race to which the defendant belongs on the grand jury that found the said bill of indictment." The only question raised by this exception is, whether his Honor, the presiding Judge, erred, in refusing to quash the indictment, simply because no member of the race to which the defendant belongs was on the grand jury that found the bill of indictment. In the first place, there is no provision of the Constitution of South Carolina, nor any of its statutes or laws, to the effect that a person on trial can move to quash an indictment, on the ground that there was no member of the race to which he belongs on the grand jury that found the bill of indictment against him. The Constitution, statutes and laws of South Carolina apply alike to the white and colored races, as to the qualifications of jurors, without any discrimination whatever, on account of race, color or previous condition of servitude. The provisions of the Constitution relative to the

qualifications of jurors, were construed in *Mew* v. *Ry. Co.,*
55 S. C., 90; affirmed in *State* v. *Rafe,* 56 S. C., 379, and
other cases thereafter decided.    In the second place, the fact
that there was no member of the race to which the defendant
belongs on the grand jury that found the bill of indictment
against him, was not violative of the Constitution, statutes
or laws of the United States, unless there was a discrimina-
tion against his race by the Constitution, statutes or laws of
South Carolina, or in the administration thereof, on account
of race, color or previous condition of servitude.    In the case
of *Gibson* v. *Mississippi,* 162 U. S., 565, Mr. Justice Harlan,
voicing the opinion of the Court, after quoting the provision
of the statute, that "no citizen possessing all other qualifica-
tions, which are or may be prescribed by law, shall be dis-
qualified from service, as grand or petit juror, in any Court
of the United States, or of any State, on account of race,
color or previous condition of servitude," says, "while a
State, consistently with the purposes for which the amend-
ment was adopted, may confine the selection of jurors to
males, to freeholders, to citizens, to persons within certain
ages, or to persons having educational qualifications, and
while a mixed jury in a particular case is not within the
meaning of the Constitution, always or absolutely necessary
to the enjoyment of the equal protection of the laws; and,
therefore, an accused being of the colored race, cannot claim
as matter of right that his race shall be represented on the
jury; yet, a denial to citizens of the African race, *because of
their color,* of the right or privilege accorded to white citi-
zens, of participating as jurors in the administration of jus-
tice, would be a discrimination against the former, inconsist-
ent with the amendment, and within the power of Congress,
by appropriate legislation, to prevent" * * * This excep-
tion is overruled.

The second exception is as follows: "2. Because his
Honor, Judge Gary, the presiding Judge, erred in refusing
the challange to the array of grand and petit jurors on same
ground."    This exception is disposed of by what was said

in considering the first exception.   While the question was not properly made by the exceptions, this Court will, nevertheless, *in favorem vitae,* consider whether his Honor, the presiding Judge, erred in overruling the motion to quash the indictment, and in refusing to sustain the challenge to the array of grand and petit jurors, on the ground that there was no testimony to sustain the facts therein alleged.   In order to determine this question, it will be necessary to state the facts that appear in the agreed "Case."   It seems that a difference arose between the respective attorneys of record, as to the facts of the case, whereupon they signed the following agreement, to wit: "We hereby agree that his Honor, Judge Gary, make a statement as to his rulings upon the motion to quash the indictment, and also as to the motion to challenge the arrays of grand and petit jurors in the case, and also as to requests to charge, and such statement shall be the agreed statement for the purposes of this appeal.   J. L. Mitchell and W. J. Whipper, attorneys for defendant, appellant.   John S. Wilson, solicitor for State, respondent." .

The following is the statement of Judge Gary: "On the motion to quash the venire, I overruled the same on two grounds: 1. Because the statement of facts set out in the grounds for quashing the same, did not appear from the records or otherwise.   That not being personally acquainted with the jurors selected, I could not assume the facts to be as alleged.   2. Because the Constitution of this State prescribed the qualifications of a juror in sec. 22 of art. V., in the following words: 'Each juror must be a qualified elector under the provisions of this Constitution, between the ages of twenty-one and sixty-five years, and of good moral character.'   I then suggested that counsel could examine each juror on his *voir dire,* and ascertain if he was qualified, and in the absence of any showing to the contrary, I was bound to assume that the jury commissioners had done their duty in the premises.   As to the 16th request, I have no recollection, as I marked the requests presented and turned

33—60

them over to the stenographer. Ernest Gary, presiding Judge. May 4th, 1901."

The last line in the agreed case is: "Above signed with relation to case as settled by Judge." It is true, the words: "The defendant offered to introduce testimony to support these grounds," appear in the record just after the statement that "the motion being overruled by the Court, the defendant's counsel excepted," but they evidently refer to the offer in the motion to quash the indictment and not thereafter, as the said words are inconsistent with the statement made by his Honor, the presiding Judge, in pursuance of the agreement of counsel hereinbefore mentioned. Furthermore, it was not contended by the appellant's attorneys upon the hearing of the appeal herein that there was any offer to introduce testimony to support the allegations in the motion to quash, other than the offer therein made. We will, therefore, consider this question in the light of the fact just mentioned, that the appellant did not offer testimony to sustain the allegations in the motion to quash further than the mere offer alleged in said motion. In *Carter* v. *Texas,* 177 U. S., 442, the Court says: "When the defendant has had no opportunity to challenge the grand jury which found the indictment against him, the objection to the constitution of the grand jury upon this ground may be taken either by plea in abatement or by motion to quash the indictment, before pleading in bar. *United States* v. *Gale,* 109 U. S., 65, 67. The motion to quash on such ground being based on allegations of fact not appearing in the record, those allegations, if controverted by the attorney for the State, must be supported by evidence, on the part of the defendant." Citing *Smith* v. *Mississippi,* 162 U. S., 601; *Williams* v. *Mississippi,* 170 U. S., 213. In *Smith* v. *Mississippi,* the Court uses this language: "No evidence was offered in support of the motion by the accused to quash the indictment, unless the facts set out in the written motion to quash verified 'to the best of his knowledge and belief,' can be regarded as evidence in support of the motion. We are of opinion that it

could not properly be so regarded. The case differs from *Neal* v. *Delaware*, 103 U. S., 370, 394, 396." The Court then proceeds to show wherein the difference consisted. Proceeding, the Court says: "The facts stated in the written motion to quash, although that motion was verified by the affidavit of the accused, could not be used as evidence to establish those facts, except with the consent of the State prosecutor or by order of the trial Court. No such consent was given. No such order was made. The grounds assigned for quashing the indictment should have been sustained by distinct evidence, introduced or offered to be introduced by the accused. He could not of right insist that the facts stated in the motion to quash should be taken as true, simply because his motion was verified by his affidavit. The motion to quash was, therefore, unsupported by any competent evidence; consequently, it cannot be held to have been erroneously denied." These authorities are conclusive of the question under consideration.

The third exception is as follows: "3. Because his Honor, the presiding Judge, erred in refusing to charge the jury, as requested by defendant's attorneys, as the eighth proposition: That 'an arrest, even if lawful, made in such a menacing manner as to threaten death or bodily harm, is held to justify resistance even to the killing of an officer' (Am. & Eng. Ency. of Law, 2d ed., vol. 2, 980)." This request was erroneous, in that it eliminated from the consideration of the jury the conduct of the defendant, and was, therefore, properly refused. This exception is overruled.

The fourth exception is as follows: "4. Because his Honor, the presiding Judge, erred in refusing to charge the jury in the above entitled cause, as requested by defendant's attorneys, as the ninth proposition: That 'If the testimony shows that the deceased, J. C. Scurry, assaulted the defendant, John Brownfield, with a pistol in such a manner as to produce the belief that he was about to take the defendant's life or inflict upon him great bodily

harm, at the time that he fired the fatal shot, it makes no difference whether deceased intended to take the defendant's life or to do him bodily harm or not, the shooting was justifiable, the killing excusable, and the defendant should be acquitted.' (Wharton on Homicide, 215, 216, 217 and 219; *State* v. *Jackson,* 32 S. C., 27; 10 S. E., 760; *State* v. *Symmes,* 40 S. C., 383)." This exception does not specify in what particular there was error on the part of his Honor, the presiding Judge; but waiving this objection, the request was erroneous, as it failed to take into consideration the conduct of the defendant, and furthermore would have been a charge on the facts. It was, therefore, properly refused, and the exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and the case remanded to that Court for the purpose of having another day assigned for the execution of the sentence of the Court.