In re the **MARRIAGE OF Jolene ROHLFSEN and Dan Rohlfsen.**

Upon the Petition of **Jolene Rohlfsen,** Petitioner-Appellee,

And Concerning **Dan Rohlfsen,** Respondent-Appellant.

No. 85–1722.

Court of Appeals of Iowa.

Oct. 22, 1986.

Michael L. Zenor of Zenor and Carr, Spencer, for respondent-appellant.

Marvin W. Miller, Jr., of Miller, Miller, Miller & Green, Cherokee, for petitioner-appellee.

Bruce A. Green of Schultz & Green, Cherokee, for the minor children.

Considered by DONIELSON, P.J., and SCHLEGEL, and HAYDEN, JJ.

HAYDEN, Judge.

Petitioner and respondent were married in 1973, divorced and remarried in 1976. Both parties are in their early 30's. They have two sons, ages eight and nine, and a six-year-old daughter. Jolene, who filed the petition in February 1985, is a self-employed beautician with a shop in her home. She claims to have a monthly gross income of $950 and monthly expenses totaling $1,387. Respondent is a self-employed farmer with an estimated 1985 gross income of between $12,000 and $15,000.

Prior to trial the parties entered into a pretrial stipulation and a stipulation regarding assets and liabilities. Both were approved by the court. During the trial the parties entered into a stipulation in which child custody and visitation were resolved. This stipulation gave primary physical care of the two sons to respondent and care of the daughter to petitioner. It was also agreed that during December, February, and March of even numbered years and January of odd years all three children would reside with petitioner. While respondent agreed to custody of all three children in December, February, and March in odd years and January in even years.

The trial court divided the marital assets and debts, allocating $12,550 of the parties' net worth to petitioner and $13,404 to respondent. The court ordered respondent to pay $3,000 toward petitioner's attorney

fees and evenly divided fees for the children's attorney between the parties. The court also ordered respondent to pay petitioner $200 per month for the support of their daughter except during the months of December, February and March in odd numbered years and the month of January in even years. During the months of December, February and March in even numbered years and the month of January in odd years the court ordered respondent to pay an additional $150 per month per child for their sons, while they reside with petitioner. In addition, the court ordered respondent to pay the boys' reasonable and necessary college expenses and to continue his daughter's support payments until age 22 if she pursues education past high school.

Respondent contends the trial court erred: (1) by making an inequitable award of support, and (2) by ordering him to pay $3,000 toward petitioner's attorney fees. Regarding the issue of support respondent claims that petitioner understated her gross income, he offered no proof to support this contention. Both petitioner and respondent request that the other party pays the court cost on appeal.

■ Since dissolution actions are equitable proceedings, our review is de novo. Iowa Code § 598.3 (1985); Iowa R.App.P. 4. While we are not bound by the findings of the trial court, we do give weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). As with all dissolution cases, precedent is of little value and therefore our decision must ultimately depend on the particular facts relevant to each issue. *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984); *In re Marriage of Kehrli*, 241 N.W.2d 923, 926 (Iowa 1976), modification denied, 378 N.W.2d 735 (Ct.App.1985).

■ Respondent contends that the court's award of support was inequitable. In order to reach a reasonable determination regarding support, we consider the parties' age, present earning capacity, future prospects, amount of resources owned by the parties, contribution to the joint accumulation of possessions, the children, duration of the marriage, indebtedness of each, and all other relevant factors. *Locke v. Locke*, 246 N.W.2d 246, 251 (Iowa 1976).

■ After a careful review of the record we conclude that the trial court's award was justified. We affirm the award of child support made by the trial court.

■ Respondent also asserts that the trial court order directing him to pay $3,000 of petitioner's attorney's fees is an error. We note that the trial court has considerable discretion in awarding attorney's fees in dissolution cases. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa Ct.App. 1983). This discretion is based on the fact that the trial courts are familiar with the value of such services and the services were rendered before the trial court, allowing the court to determine the quality of said services. *Id.* Upon careful review of the record we find no basis to disagree with the trial court's award. On appeal both parties shall pay their own attorney fees and appellant shall pay the court costs.

■ Finally we reach the grounds upon which we must modify the district court's determination, college expenses. The court ordered respondent to provide for his daughter's and her two brother's college educations. An award of college expenses as a form of support is sanctioned by Iowa Code section 598.1(2) (1985). Under our law support must end when a child reaches eighteen unless the evidence establishes that a statutory provision, such as 598.1(2) applies. *In re Marriage of Byall*, 353 N.W.2d 103, 107 (Iowa Ct.App.1984). Section 598.1(2) imposes an obligation on divorced parents toward their adult offspring to support them while they are attending college. *Id.* Here the trial court's decision is premature. In the present case the children's ages range from six to nine, the earliest any will be attending college is nine years. We note that the trial court has continuing authority to modify this child support order. *In re Marriage of Pieper*, 369 N.W.2d 439, 441 (Iowa 1985).

We modify the trial court's order to provide support for the children until each child respectively attains the age of 18, marries, or becomes self-supporting, whichever first occurs. However, the support shall continue in any event until each child completes his or her high school education. Either party may petition the trial court to provide for additional support for higher educational costs and expenses pursuant to Iowa Code section 598.1(2) (1985) in the event any child desires to continue schooling and/or training beyond high school.

AFFIRMED AS MODIFIED.