**1947**

Karen Kreul SHINN, Appellant v. Robert KREUL, Respondent.
(427 S.E. (2d) 695)

Court of Appeals

*Stephen E. Carter*, of *Ruth, Clabaugh & Hack*, Hilton Head Island, *for appellant.*

*Kenneth Tootle*, Beaufort, *for respondent.*

Submitted Nov. 12, 1992.

CURETON, Judge:

Karen Kreul Shinn (Shinn), the appellant, brought an action in Iowa to increase the amount of child support awarded under an earlier Iowa divorce decree. The Iowa court entered a default order increasing the amount of support. Subsequently, the Iowa court granted her an order for mandatory wage withholding. At the time of both of these orders, Robert Kreul (Kreul), the respondent, was a resident of South Carolina; the appellant and supported child were residents of Florida. Shinn attempted to certify this order in South Carolina under S.C. Code Ann. § 20-7-1315 *et seq*. The family court dismissed her petition, finding that the Iowa court lacked personal jurisdiction to modify the support amount. Shinn appeals this ruling as well as several other findings. We reverse and remand.

The parties were divorced on September 8, 1983 by decree of the District Court of Clay County, Iowa. The divorce decree incorporated a "stipulation of settlement" agreed to by the parties. The decree and stipulation provided that Kreul would pay child support of $300.00 per month to Shinn until the couple's only child reached th age of 18. Thereafter, he would provide support until the child reached age 22 as long

as the child remained unmarried and attended college for nine months of each calendar year. Both parties were residents of Iowa at the time of the divorce.

The child, Ann Kreul, became 18 years of age on September 1, 1989.

In 1989, Shinn petitioned the Iowa court to modify the child support order. At the time of this petition, Shinn and her child were residents of Clearwater, Florida; Kreul was a resident of Hilton Head Island, South Carolina. The petition, notice and rule to show cause were served on Kreul in the state of South Carolina. Kreul failed to appear or contest the jurisdiction of the Iowa court. On February 28, 1990, the Iowa court found Kreul in default and entered an order increasing child support to $433.00 per month.[1] On October 8, 1990, the Iowa court entered an order of income withholding pursuant to Iowa Code § 252D.1 *et seq*. Shinn attempted to certify this income withholding order in the Family Court of Beaufort County pursuant to S.C. Code Ann. § 20-7-1321. In response to a notice of deficiency mailed to him by the family court in accordance with S.C. Code Ann. § 20-7-1322, Kreul petitioned the family court to stay service of this notice on December 7, 1990, alleging that he was current in his payments because he had been paying support directly to his daughter, and that the modification of the 1983 child support order by the Iowa court was invalid because Iowa lacked personal jurisdiction over him.

The family court dismissed Shinn's action for mandatory wage withholding of child support and of the arrearage. Although it observed that S.C. Code Ann. §§ 20-7-1315(D)(1), -1321, and -1323 (Supp. 1992) provide that "the grounds for granting the petition to stay service are limited to a dispute concerning the identity of the obligor or the existence or amount of the arrearage," it held that due process requires that the Iowa court have in personam jurisdiction over Kreul at the time of its decision. It held the Iowa court did not have in personam jurisdiction over Kreul, a nonconsenting and nonresident individual, when all parties have lost meaningful contact with Iowa, and that Iowa had no legitimate interest in ex-

---

[1] The family court found that while the 1983 order had made provision for extension of support beyond the child's 18th birthday, the modified order did not specifically address facts which supported this extension.

tending jurisdiction on behalf of a nonresident plaintiff against a nonresident defendant.

Additionally, the trial court held both parties' contacts with Iowa had been severed to the extent that the Iowa court was limited to the enforcement of the 1983 divorce decree. The family court found that by suing in Iowa, Shinn had chosen a forum where Kreul would be unable to defend. Further, it found that Kreul had a legitimate defense to the amount of the arrearage and was "probably" not in arrears as of the date of the child's emancipation and, regardless, that Kreul had made direct payments to the child, which satisfied his support obligation.

I.

Shinn asserts that the family court erred by holding that the Iowa court lacked jurisdiction to modify the child support provisions of a divorce decree originally entered by the Iowa court. We hold the family court erred by failing to consider the continuing jurisdiction of the Iowa court to modify the terms of the 1983 decree.

Iowa law provides continuing jurisdiction to modify an award of child support. *Hobson v. Hobson,* 248 N.W. (2d) 137, 144 (Iowa 1976); *In re Marriage of Rohlfsen,* 398 N.W. (2d) 197, 199 (Iowa Ct. App. 1986). A petition to modify child support is not an independent proceeding but is supplementary to the original divorce suit. *Van Gundy v. Van Gundy,* 244 Iowa 488, 56 N.W. (2d) 43, 45 (1952). The absence of a party from the state does not deprive the court of jurisdiction to order a change in child support. *Id.* at 46. A statute which authorizes an Iowa court to make subsequent changes in a divorce decree reserves not only subject matter jurisdiction in the court but also jurisdiction of the parties. *McKee v. Murrow,* 40 N.W. (2d) 924, 927 (Iowa 1950); *Droste v. Droste,* 231 Iowa 216, 1 N.W. (2d) 107, 109 (1941); *see also* E. H. Schopler, Annotation, *Necessity of Personal Service within State upon Non-resident Spouse as Prerequisite of Court's Power to Modify its Decree as to Alimony or Child Support in Matrimonial Action,* 62 A.L.R. (2d) 544 (1958). Once the Iowa court obtained jurisdiction to enter a divorce decree, it retained jurisdiction to modify the terms of this decree.

Applying an erroneous analysis of long-arm jurisdiction, the family court suggests that the parties must reestablish jurisdiction each time they return to court to enforce or modify the divorce decree. Once jurisdiction attaches to the person, it is not defeated by subsequent events that would have prevented it from attaching in the first place. *Gardner v. Gardner*, 253 S.C. 296, 302, 170 S.E. (2d) 372, 375 (1969). While Kreul may have in the 1990 Iowa proceedings raised the question of whether or not due process mandated Iowa decline to exercise jurisdiction because of a lack of minimum contacts of the parties with Iowa, he may not raise that point in this proceeding.

Accordingly, Kreul waived all objections to the Iowa court's jurisdiction when he ignored the petition, notice and rule to show cause which were served on him in 1990. Objections to personal jurisdiction are waived unless raised. *In re Marriage of Ivins*, 308 N.W. (2d) 75, 77 (Iowa 1981).

We further note that were we to decide the question of whether Iowa could have, consistent with due process, exercised personal jurisdiction over Kreul in the 1990 proceedings, we would nonetheless, sustain Iowa's jurisdiction. The parties were married, lived and divorced in Iowa. Support payments were paid by Kreul to the Iowa court until 1989. We think these contacts are sufficient to satisfy due process requirements. *State ex rel. Ravitz v. Fox*, 166 W.Va. 194, 273 S.E. (2d) 370, 373 (1980); *Zeisler v. Zeisler*, 553 S.W. (2d) 927, 930 (Tex. Ct. App. 1977); *McClellan v. McClellan*, 125 Ill. App. (2d) 477, 261 N.E. (2d) 216, 219 (1970), 24 Am. Jur. (2d) *Divorce and Separation* § 1090 (1983).

A state court may assert jurisdiction over a nonresident respondent and bind him by its judgment when there is a statutory ground for the exercise of jurisdiction over his person, when there is proper service of process, and there are such minimum contacts with the state that makes it fair to require him to defend within the state. *Stevens v. Stevens*, 68 N.C. App. 234, 314 S.E. (2d) 786, 787-88 (1984), *review denied*, 312 N.C. 89, 321 S.E. (2d) 908 (1984). Kreul does not contest the first two components of this test. As noted previously, his contacts with Iowa meet the final component of the test.

## II.

Next, Shinn asserts the family court erred by (1) failing to enter an order of income withholding for child support as required by S.C. Code Ann. §§ 20-7-1321 and 20-7-1323, and (2) failing to order, pursuant to S.C. Code Ann. §§ 20-7-1423(c), withholding in the amount of $300.00, which was not in dispute.

S.C. Code Ann. § 20-7-1321(b) (1976), as amended, specifies the documentation that must have been presented to the family court by Shinn to enable her to obtain an order withholding support. No issue on appeal concerns the adequacy of this documentation.

S.C. Code Ann. § 20-7-1323 (1976), as amended, provides:

> (a) At any hearing contesting proposed income withholding based on a support order entered under § 20-7-1321, the entered order, accompanying sworn or certified statement, and a certified copy of an order for withholding, if any, still in effect constitutes prima facie proof, without further proof or foundation, that the support order is valid, that the amount of current support payments and arrearages is as stated, and that the obligee is entitled to income withholding under the law of the jurisdiction which issued the support order.
>
> (b) Once a prima facie case is established, the grounds that may be raised by an obligor to contest the withholding are limited to dispute concerning the identity of the obligor or the existence or amount of the arrearage. The burden is on the obligor to establish these defenses. The burden is on the obligor to establish these defenses. (Repeated twice in statute)
>
> (c) If the obligor presents evidence which constitutes a full or partial defense, the court *shall* (emphasis added), on the request of the obligee, continue the case to permit further evidence relative to the defense to be adduced by either party but if the obligor acknowledges liability sufficient to entitle the obligee to income withholding, the court shall require income withholding for the payment of current support payments under the support order and of so much of any arrearage as is not in dispute, while continuing the case with respect to those matters still in dis-

pute. The court shall determine those matters still in dispute as soon as possible, and if appropriate shall modify the withholding order to conform to that resolution but may not modify the underlying support order.

Because Shinn satisfied the technical requirements of § 20-7-1321, she thereby established a prima facie case under § 20-7-1323(a) that both the Iowa support order and the amount of the alleged arrearage were valid. Once Shin established a prima facie case, Kreul was limited under § 20-7-1323(b) to contesting the existence or amount of the arrearage.[2] Accordingly, under § 20-7-1323(c), Shinn was entitled to withholding in an amount of at least $300.00 per month, which Kreul's attorney acknowledged at the hearing was not in dispute.[3]

### III.

Shinn asserts that the family court erred by not granting a continuance as requested by Shinn at trial. We agree. When Kreul[4] contested the amount of the arrearage and asserted the Iowa court's lack of personal jurisdiction as a defense to the South Carolina proceeding, Shinn requested a continuance in accordance with S.C. Code Ann § 20-7-1323(c) to enable her to produce evidence. The statute mandates the court grant a continuance at the request of the obligee (Shinn). The court erred in not doing so.

### IV.

Shinn asserts that the family court made the following findings of fact that are unsupported by the evidence: (1) that Kreul was not in arrears in the payment of child support; (2) that Kreul was paying support directly to the child and that these payments satisfied Kreul's support obligation; and (3)

---

[2] The identity of the obligor was not an issue at trial.

[3] At the hearing, respondent's counsel stated: "We submit, your Honor, that Mr. Kreul is obligated to pay child support to Ann, if she is in college, to the tune of three hundred dollars per month, by virtue of the 1983 decree, which we admit is a valid decree." Kreul acknowledged that he had continued to pay $300.00 per month directly to his daughter although he had received no proof, despite demands made to Shinn, of the daughter's status as a student. The family court judge found that the daughter "is now a student in the state of Florida."

[4] Kreul offered no evidence to challenge the increase in support or the amount of the arrearage, but only the argument of his counsel.

that Shinn's purpose in filing her action in the Iowa court was to make it impossible for Kreul to defend.

Shinn presented Iowa court records, and an affidavit stating that no child support payments had been made since July 13, 1990. The affidavit also showed a total arrearage as of November 27, 1990 of $1732.00. Kreul offered no evidence but only argument of counsel. Findings of fact by the family court must have evidentiary support.[5] *Fontaine v. Peitz*, 291 S.C. 536, 538, 354 S.E. (2d) 565, 566 (1997). A court cannot consider facts appearing only in argument of counsel. *See Gilmore v. Ivey*, 290 S.C. 53, 58, 348 S.E. (2d) 180, 184 (Ct. App. 1986). Thus, the family court erred in finding Kreul was not in arrears.

S.C. Code Ann. § 20-7-1329(b) (1976), as amended, states that "[t]he law of the jurisdiction which issued the support order shall govern . . . (1) the interpretation of the support order entered under § 20-7-1321, including amount, form of payment, and the duration of support . . . (3) the definition of what costs, in addition to the periodic support obligation, are included as arrearages which are enforceable by income withholding. . . ."

Accordingly, the trial judge erred by failing to consider Iowa law as dispositive as to whether Kreul would receive credit for payments made directly to his daughter. The Iowa court issued its "Order for Mandatory Income Withholding" on October 8, 1990. This order, which was submitted by Shinn at trial, is controlled by Iowa Code §§ 598.22 and 598.22A. Child support payments made to persons "other than the clerk of the district court and the collection services center do not satisfy the support obligations created by the orders or judgments. . . ." Iowa Code Ann. § 598.22 (West 1992). However, this provision is limited by § 598.22A, which provides that for all support orders entered after July 1, 1985, "the clerk of the district court or collection services center shall record a satisfaction as a credit on the official support payment record if its validity is confirmed by the court upon sub-

---

[5] The family court credited direct payments of $300.00 per month made by Kreul to his daughter against the amount of the arrearage. Because it considered the Iowa order of March 1, 1990, which modified the child support obligation from $300.00 to $433.00 per month, invalid, it did not consider the additional $133.00 per month in determining the amount of Kreul's arrearage.

mission of an affidavit by the person entitled to receive the payment, after notice is given to all parties."

We, thus, reverse the trial court's holding that Kreul was not in arrears in his child support payments. On the record before us we cannot determine the amount of the arrearage, and remand to the family court that question. On remand, the trial court is authorized to take testimony and receive affidavits to determine the amount of the arrearage in accordance with the guidance provided in this opinion. It is also authorized to consider whether under Iowa law the husband should be credited with any of the payments allegedly made directly to the daughter.

The family court's finding that Shinn's purpose in filing her action in the Iowa court was to make it impossible for Kreul to defend, although unsupported by the evidence, does not prejudice Shinn.

## V.

Because we have concluded that the family court was in error in the particulars noted above, we do not consider Shinn's final argument that the family court had no power to make findings of fact once it determined that the Iowa court decree was void for lack of personal jurisdiction.

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Shaw and Bell, JJ., concur.

