661 S.E.2d 58

The STATE, Respondent

v.

Michael R. BATCHELOR, Appellant.

No. 26455.

Supreme Court of South Carolina.

Heard Jan. 22, 2008.

Refiled April 21, 2008.

Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of South Carolina Commission on Indigent Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for respondent.

Justice MOORE:

Appellant Michael Batchelor was convicted of several charges stemming from an automobile collision in which his three minor sons were killed and three other minors were injured. The charges include two counts of felony driving

under the influence (felony DUI) causing death, two counts of felony DUI causing great bodily injury, and one count of involuntary manslaughter.[1]  After we issued our original opinion affirming appellant's convictions,[2] appellant petitioned for rehearing.  We deny the petition for rehearing, withdraw our original opinion in this matter, and substitute it with this opinion affirming the trial court's decision.

## FACTS

The facts are undisputed.  Appellant's three sons—Raymond Groomes (referred to as "Ashton"), and Brandon and Drew Batchelor—lived with their mother.  On July 11, 2002, they were invited along with three friends to appellant's house where appellant supplied them with alcohol.  All of the boys were between the ages of thirteen and fifteen.

At some point in the afternoon, appellant and the boys left the house in appellant's pick-up truck to buy more alcohol and look for some marijuana.  Appellant was driving.  After veering off the side of the road, appellant decided he was too drunk to drive and he wanted Ashton to drive.  Ashton, who was fifteen, did not have a driver's license or learner's permit and Ashton's friends had never seen him drive a vehicle.  At appellant's insistence, Ashton took the wheel.  Shortly thereafter, Ashton swerved off the side of the road and overcorrected, causing the truck to swerve into the oncoming lane and collide head-on with another vehicle.  Both vehicles flipped and the truck landed upside-down with Ashton under it.

Ashton was dead at the scene.  A toxicology report indicated Ashton's blood alcohol was .108 at the time of his death.  Brandon and Drew died later at the hospital.  The other boys

---

1.  Appellant was sentenced to concurrent terms of twenty-five years and fined $25,100 for each felony DUI causing death, and two concurrent terms of fifteen years and a fine of $10,100 for felony DUI causing great bodily injury, these to run consecutive to the twenty-five-year terms. He was also convicted of three counts of unlawful conduct towards a child and given three ten-year terms and three $10,000 fines, and two counts of contributing to the delinquency of a minor for which he received two three-year terms and three $3,000 fines, all concurrent.

2.  *State v. Batchelor,* Op. No. 26455 (S.C. Sup.Ct. filed March 10, 2008).

and appellant were injured.[3] At the hospital, appellant told the investigating officers that Ashton was driving and that he had given the boys alcohol. Appellant himself smelled strongly of alcohol.

The State proceeded to trial on a theory of accomplice liability. It was undisputed that appellant was not driving at the time of the wreck. After he was found guilty, appellant expressed remorse that he had caused the death of his three children and serious injury to the other boys.

## ISSUES

1. Should the indictments for felony DUI have been quashed?
2. Should a directed verdict have been granted?

## DISCUSSION

### 1. Indictments

Appellant claims the four indictments for felony DUI should have been quashed. He contends that because the indictments charged him as a principal rather than as an accomplice, the grand jury was misled regarding the facts of the case.

The regularity of grand jury proceedings is presumed absent clear evidence to the contrary; the burden is on the defendant to prove facts upon which a challenge to the legality of the grand jury proceedings is predicated. *Evans v. State*, 363 S.C. 495, 611 S.E.2d 510 (2005); *State v. Griffin*, 277 S.C. 193, 285 S.E.2d 631 (1981).

Here, the fact that the indictments presented to the grand jury charged appellant as a principal for felony DUI does not prove the State misinformed the grand jury that appellant was the driver at the time of the wreck. It is well-settled that an indictment charging the defendant as a principal will support a conviction based on accomplice liability. *State v. Dickman*, 341 S.C. 293, 534 S.E.2d 268 (2000); *State v. Leonard*, 292 S.C. 133, 355 S.E.2d 270 (1987); *State v. Cox*,

---

3. The driver of the other car escaped with only minor injuries.

258 S.C. 114, 187 S.E.2d 525 (1972); *State v. Hicks,* 257 S.C. 279, 185 S.E.2d 746 (1971); *State v. Hunter,* 79 S.C. 73, 60 S.E. 240 (1908). Accordingly, the State may present an indictment charging a defendant as a principal based on information of aiding and abetting the crime charged. There is no evidence the grand jury process was compromised in any way. We find no error.

### 2. *Directed verdict*

■ Appellant's motion for directed verdicts on the four felony DUI charges was denied. Appellant contends this was error because the indictments charged him as a principal and there is no evidence he was the driver, resulting in a material variance in proof. *See State v. Evans,* 322 S.C. 78, 470 S.E.2d 97 (1996) (material variance between the charge and the proof entitles the defendant to a directed verdict).

■ Felony DUI is subject to accomplice liability based on a factual scenario that includes evidence of aiding and abetting as in this case. As noted above, an accomplice may be indicted as a principal. There is no material variance in proof when the indictment charges the defendant as a principal and the evidence at trial proves he was guilty as an accomplice. Appellant's motion for directed verdicts was properly denied.

**AFFIRMED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.