**In the Matter of the Care and Treatment of
Alfred William LASURE, Appellant.**

**No. 26528.**

Supreme Court of South Carolina.

Heard June 26, 2008.
Decided Aug. 11, 2008.

---

Appellate Defender LaNelle C. Durant and Appellate Defender M. Celia Robinson, both of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Attorney General Deborah R.J. Shupe and Assistant Attorney General Brandy A. Duncan, all of Columbia, for Respondent.

Justice WALLER:

This is a direct appeal from the jury's verdict which found appellant, Alfred William Lasure, to be a sexually violent predator, and from the subsequent court order of commitment to the Department of Mental Health for appellant's long term control, care, and treatment. We affirm.

## FACTS

In March 2000, appellant pled guilty to one count of lewd act upon a child which had been committed in January 1997 when appellant molested a seven-year-old boy while traveling through South Carolina on a Greyhound bus. Appellant was sentenced to 12 years imprisonment. The sentencing sheet specifically noted that appellant was to participate in any sexual offender treatment offered by the Department of Corrections (DOC).

Prior to his anticipated release from prison, the State filed a petition pursuant to the Sexually Violent Predator (SVP) Act. *See* S.C.Code § 44–48–10 *et seq.* (Supp. 2007). At his jury trial, appellant moved to dismiss based on the argument that the SVP Act is unconstitutional because the State Constitution mandates rehabilitation of inmates. Appellant contended that the State should not have waited until the end of his criminal sentence to provide treatment. The trial court denied appellant's motion.

The State's sole witness was Dr. Pamela Crawford, an expert in forensic psychiatry. Her testimony demonstrated appellant has a long criminal history of sexually abusing prepubescent and adolescent boys. Appellant was convicted of various offenses in Florida in 1967, 1972, 1974, 1978, 1979, 1981 and 1982.[1] While on bond for the January 1997 South Carolina offense, appellant fled to Florida and again re-offended which resulted in another Florida conviction in 1997. Because he failed to get sex offender treatment in Florida, he was taken back to jail. In 1999, the fugitive warrant from South Carolina was discovered which ultimately led to his South Carolina conviction in 2000.

Dr. Crawford diagnosed appellant with pedophilia as well as paraphilia NOS. In her opinion, appellant met the statutory definition of a sexually violent predator.

Additionally, Dr. Crawford noted that although appellant completed Phase I of the Sex Offender Treatment Program offered by the DOC—which she described as the educational

---

1. The majority of these offenses are sexual in nature, generally for lewd acts either against a child or in the presence of a child. His 1979 conviction was for delivering a controlled substance to a minor where he gave two 15–year–old boys marijuana.

phase of treatment—appellant refused to participate in the Residential Treatment Unit which provides intensive treatment. Dr. Crawford explained that appellant has never taken responsibility for any of the sexual offenses he has committed.

Beyond cross-examining Dr. Crawford, appellant presented no defense. The jury deliberated less than 15 minutes and found beyond a reasonable doubt that appellant is a sexually violent predator.

## ISSUE

Does the SVP Act violate Article XII, Section 2 of the South Carolina Constitution?

## DISCUSSION

■ Appellant argues the SVP Act violates Article XII, Section 2 of the State Constitution. Specifically, appellant complains he should have been placed into this particular SVP program from the beginning of his criminal sentence. We disagree.

■ Article XII, Section 2 of the South Carolina Constitution states that the General Assembly "shall establish institutions for the confinement of all persons convicted of such crimes as may be designated by law, and shall provide for the custody, maintenance, health, welfare, education, and **rehabilitation** of the inmates." S.C. Const. art. XII, § 2 (emphasis added). A statute is presumed constitutional and will not be declared unconstitutional unless its repugnance to the constitution is clear and beyond a reasonable doubt. *In re Treatment and Care of Luckabaugh*, 351 S.C. 122, 134–35, 568 S.E.2d 338, 344 (2002).

In *Sullivan v. S.C. Dep't of Corrections*, 355 S.C. 437, 444, 586 S.E.2d 124, 127 (2003), this Court held that even if Article XII, Section 2 is read to require some rehabilitation for inmates, "it does not mandate any specific programs that must be provided by the General Assembly or the [DOC] and, more importantly, **it does not mandate any particular timetable for the furnishing of any rehabilitative services.**" *Id.* at 444, 586 S.E.2d at 127 (emphasis added).

It is settled law that the SVP Act is civil in nature. *See In re Matthews*, 345 S.C. 638, 550 S.E.2d 311 (2001). As to whether the SVP commitment process should be held earlier in an inmate's sentence, we have already found that if this was the requirement, then other inmates could complain that "holding a commitment hearing early in their sentence deprives them of the ability to voluntarily receive treatment and rehabilitation which would negate their being labeled as a sexually violent predator." *In re Treatment and Care of Luckabaugh*, 351 S.C. at 145, 568 S.E.2d at 349.

As we observed in *Luckabaugh:*

> Moving the determination to the beginning of an individual's prison sentence would undoubtedly result in more individuals being adjudicated as sexually violent predators. Since the prison system currently offers mental health treatment programs, it would be unwise as a matter of judicial policy to deprive an individual of the opportunity to seek such counseling, to progress in his treatment and to demonstrate that he is not in need of custodial treatment programs as a sexually violent predator at the conclusion of his sentence.

*Id.* at 145, 568 S.E.2d at 350.

Accordingly, we find no merit to appellant's argument that the SVP Act is unconstitutional. The State Constitution does not mandate the provision of any specific type of rehabilitative program. *Sullivan, supra.* Moreover, the DOC indeed offers sex offender treatment programs, and if an inmate avails himself of these programs during his incarceration, he could potentially be rehabilitated and avoid the further intensive treatment required by the SVP Act at the conclusion of a criminal sentence. *See Luckabaugh, supra.*

Accordingly, we hold the trial court correctly found that the SVP Act does not violate Article XII, Section 2 of the South Carolina Constitution.

**AFFIRMED.**

TOAL, C.J., MOORE, PLEICONES and BEATTY, JJ., concur.