# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Anthony Nation, Appellant.

Appellate Case No. 2011-199726

———————————

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

———————————

Opinion No. 27408
Heard February 5, 2014 – Filed July 2, 2014

———————————

## AFFIRMED

———————————

Ernest Charles Grose, Jr., of Grose Law Firm, and Shane
Edwin Goranson, both of Greenwood, and Chief
Appellate Defender Robert Michael Dudek, of the South
Carolina Commission on Indigent Defense, of Columbia,
for Appellant.

Matthew C. Buchanan, of the South Carolina Department
of Probation, Parole & Pardon Services, of Columbia, for
Respondent.

———————————

**CHIEF JUSTICE TOAL:**     Anthony Nation (Appellant) appeals the circuit
court's decision to statutorily impose lifetime global positioning satellite (GPS)
monitoring on him due to his prior guilty plea for a sex offense with a minor and
subsequent probation violations. *See* S.C. Code Ann. § 23-3-540 (Supp. 2010)

(enumerating the circumstances in which a court may impose GPS monitoring on a person convicted of a sex offense with a minor). On appeal, Appellant asserts various constitutional challenges to section 23-3-540 and contests the validity of five of our previous decisions involving the South Carolina Sex Offender Registry and statutory authorization of GPS monitoring of sex offenders.[1] We affirm.

## FACTS/PROCEDURAL BACKGROUND

In 2000, when Appellant was twenty-nine years old, he engaged in a sexual relationship with a fifteen-year-old female (Victim). Victim reported the relationship to the police, and a grand jury subsequently indicted Appellant for both second-degree criminal sexual conduct with a minor (CSCM-Second) and committing a lewd act on a child under the age of sixteen (CSCM-Third).[2] In 2003, Appellant pled guilty to CSCM-Third in exchange for the State dismissing the CSCM-Second charge. The circuit court sentenced Appellant to fifteen years' imprisonment, suspended on the service of twelve years, followed by five years' probation with the South Carolina Department of Probation, Parole and Pardon Services (SCDPPPS).

In 2005—after Appellant's guilty plea, but prior to Appellant's release from the Department of Corrections—the General Assembly amended South Carolina's sex offender registration requirements by enacting the Sex Offender Accountability and Protection of Minors Act of 2006, commonly referred to as "Jessie's Law." *See* S.C. Code Ann. § 23-3-540 (2005). In its original form, Jessie's Law read, in relevant part:

---

[1] These cases are: *In re Justin B.*, 405 S.C. 391, 747 S.E.2d 774 (2013), *cert. denied*, 134 S. Ct. 1496 (2014); *State v. Dykes*, 403 S.C. 499, 744 S.E.2d 505 (2013), *cert. denied*, 134 S. Ct. 1937 (2014); *In re Ronnie A.*, 355 S.C. 407, 585 S.E.2d 311 (2003); *Hendrix v. Taylor*, 353 S.C. 542, 579 S.E.2d 320 (2003); and *State v. Walls*, 348 S.C. 26, 558 S.E.2d 524 (2002). Together, these cases affirm that South Carolina's Sex Offender Registry—including the GPS monitoring requirement—is a civil remedy and is not penal in nature.

[2] At the time of Appellant's indictment, section 16-15-140 codified the crime of "lewd act upon a child under sixteen." S.C. Code Ann. § 16-15-140 (1996). However, the General Assembly later renamed this crime CSCM-Third and re-codified it in S.C. Code Ann. § 16-3-655(C) (Supp. 2010). For ease of reference, we refer to "lewd act upon a child under sixteen" as CSCM-Third.

(C) A person who is required to register [as a sex offender] pursuant to this article for committing criminal sexual conduct with a minor in the first degree, pursuant to Section 16–3–655(A)(1), or *committing or attempting a lewd act upon a child under sixteen, pursuant to Section 16–15–140, and who violates a term of probation*, parole, community supervision, or a community supervision program *must* be ordered by the court or agency with jurisdiction to be monitored by the Department of Probation, Parole and Pardon Services with an active electronic monitoring device.

(D) A person who is required to register [as a sex offender] pursuant to this article for *any other* [*sex*] *offense* [*with a minor*] *listed in subsection (G),* [*including CSCM-Second,*] *and who violates a term of probation*, parole, community supervision, or a community supervision program, *may* be ordered by the court or agency with jurisdiction to be monitored by the Department of Probation, Parole and Pardon Services with an active electronic monitoring device.

*Id.* (emphasis added); *see also State v. Dykes*, 403 S.C. 499, 502–04, 744 S.E.2d 505, 507–08 (2013) (explaining the requirements of section 23-3-540).

In 2009, upon his release from the Department of Corrections, Appellant began his probation; however, within two years, Appellant accrued several unexplained probation violations. At Appellant's probation revocation hearing, the State recommended imposing mandatory lifetime GPS monitoring on Appellant in accordance with the requirements of Jessie's Law. *See* S.C. Code Ann. §23-3-540(C). In response, Appellant challenged the constitutionality of Jessie's Law and offered testimony in mitigation,[3] but did not deny he had violated his probation.

The circuit court rejected Appellant's constitutional challenges and found Appellant in willful violation of his probation. Therefore, the court found that Jessie's Law mandated that it impose lifetime GPS monitoring on Appellant.

This appeal followed. *See* Rule 203(d)(1)(A)(ii), SCACR.

---

[3] Specifically, Appellant introduced evidence that he qualified for one of the lowest levels of supervision that SCDPPPS provided.

## ISSUE

Whether the mandatory imposition of GPS monitoring on a sex offender convicted prior to a statute's effective date violates:

a. the Ex Post Facto, Equal Protection, Due Process, or Double Jeopardy Clauses of the United States or South Carolina Constitutions?

b. the Fourth Amendment's prohibition on unreasonable searches and seizures?

c. the Eighth Amendment's prohibition on cruel and unusual punishment?

## STANDARD OF REVIEW

All statutes are presumed constitutional, and when possible, courts must construe statutes so as to render them valid. *In re Justin B.*, 405 S.C. 391, 395, 747 S.E.2d 774, 776 (2013) (citing *Curtis v. State*, 345 S.C. 557, 569, 549 S.E.2d 591, 597 (2001)). "A statute will not be declared unconstitutional unless its repugnance to the constitution is clear beyond a reasonable doubt." *Id.* (citing *In re Lasure*, 379 S.C. 144, 147, 666 S.E.2d 228, 229 (2008)). "The party challenging the statute's constitutionality bears the burden of proof." *Id.* (citing *In re Treatment of Luckabaugh*, 351 S.C. 122, 135, 568 S.E.2d 338, 344 (2002)).

## ANALYSIS

Although Appellant raises numerous challenges to the constitutionality of Jessie's Law, we have explicitly rejected each of these challenges in two of our recent opinions. *See Justin B.*, 405 S.C. at 391, 747 S.E.2d at 774, *cert. denied*, 134 S. Ct. 1496 (2014); *Dykes*, 403 S.C. at 499, 744 S.E.2d at 505, *cert. denied*, 134 S. Ct. 1937 (2014).

In *State v. Dykes*, Dykes—similar to Appellant—committed CSCM-Third prior to the enactment of Jessie's Law, but violated her probation after its enactment. 403 S.C. at 503–05, 744 S.E.2d at 507–08. The circuit court imposed GPS monitoring pursuant to Jessie's Law. *Id.* at 505, 744 S.E.2d at 508. Dykes appealed, contending that the statute violated the Ex Post Facto, Equal Protection,

and Due Process Clauses of the United States and South Carolina Constitutions, as well as her Fourth Amendment right to be free of unreasonable governmental searches and seizures. *Id.* at 505, 510 n.9, 744 S.E.2d 508, 511 n.9.

A majority of this Court rejected Dykes's arguments, holding that mandatory GPS monitoring did not violate Dykes's right to substantive due process. *Id.* at 503, 744 S.E.2d at 507; *see also id.* at 510 n.9, 744 S.E.2d at 511 n.9 (rejecting Dykes's remaining arguments). Specifically, we disagreed with Dykes's assertion that, as a convicted sex offender, she had a *fundamental* right to be "let alone." *Id.* at 505–06, 744 S.E.2d at 508–09 ("The United States Supreme Court has cautioned restraint in the recognition of rights deemed to be fundamental in a constitutional sense." (citing *Washington v. Glucksberg*, 521 U.S. 702 (1997))).[4] However, notwithstanding the absence of a fundamental right, we found that lifetime GPS monitoring "implicates a protected liberty interest to be free from permanent, unwarranted governmental interference." *Id.* at 506, 744 S.E.2d at 509. In light of the General Assembly's intent to protect the public from sex offenders and aid law enforcement,[5] we held that an initial, mandatory imposition of GPS monitoring for certain sex crimes involving children was rationally related to the law's stated purpose. *Id.* at 507–08, 744 S.E.2d at 509–10.

Despite generally upholding the constitutionality of Jessie's Law, we found the final sentence of subsection (H) unconstitutional as arbitrary and not rationally related to the statute's purpose. *Id.* at 508, 744 S.E.2d at 510 (citing S.C. Code Ann. § 23-3-540(H)). Prior to our decision, subsection (H) permanently foreclosed persons convicted of CSCM-First or -Third, such as Dykes, from seeking judicial review of the necessity of continued GPS monitoring. *See* S.C. Code Ann. § 23-3-540(H). However, we determined that all sex offenders monitored pursuant to Jessie's Law were entitled to periodic judicial review and thus could "avail themselves of the . . . judicial review process as outlined for the balance of the offenses enumerated in section 23-3-540(G)." *Dykes*, 403 S.C. at 508–10, 744

---

[4] "Our rejection of Dykes'[s] fundamental right argument flow[ed] in part from the premise that [GPS] monitoring is predominantly civil." *Dykes*, 403 S.C. at 506, 744 S.E.2d at 509 (citing *Smith v. Doe*, 538 U.S. 84 (2003)); *see also Justin B.*, 405 S.C. at 405–09, 747 S.E.2d at 781–83 (applying the factors from *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963), and finding that GPS monitoring of sex offenders is a civil remedy).

[5] *See* S.C. Code Ann. § 23-3-400 (2003).

S.E.2d at 510–11; *see also* S.C. Code Ann. § 23-3-540(H) (outlining the judicial review process and relevant lengths of time for review).  Accordingly, we found that Dykes and others convicted of CSCM-First or -Third could petition the courts ten years after the initial imposition of the monitoring, and every five years thereafter.  *Dykes*, 403 S.C. at 510, 744 S.E.2d at 511.

To address Appellant's remaining arguments, we next look to *In re Justin B.*, in which Justin B.'s adoptive mother witnessed him sexually molest his adoptive sister and notified the police.  405 S.C. at 394, 747 S.E.2d at 775.[6]  Justin B. subsequently pled guilty to CSCM-First, and the family court ordered him to comply with the lifetime GPS monitoring requirement set forth in Jessie's Law.  *Id.* at 394, 747 S.E.2d at 775–76.  Justin B. appealed, arguing that GPS monitoring constituted cruel and unusual punishment in violation of the Eighth Amendment.  *Id.* at 394–95, 747 S.E.2d at 776.

We unanimously disagreed.  After examining the legislative intent behind Jessie's Law and applying the *Mendoza-Martinez* factors,[7] we held that "electronic monitoring is *not a punishment*," but a civil requirement.  *Id.* at 394, 404–08, 747 S.E.2d at 775, 781–83 (emphasis added).  We also reaffirmed that all sex offenders subject to GPS monitoring in accordance with Jessie's Law may periodically petition for judicial review of the necessity of continued monitoring.  *Id.* at 408, 747 S.E.2d at 783.

In light of our previous holdings in *Dykes* and *Justin B.*, we find that we have fully addressed and rejected each of Appellant's constitutional challenges to Jessie's Law.[8]  Further, we decline to overrule either *Dykes* or *Justin B.*, especially

---

[6] Like Justin B., the adoptive sister was also a minor at the time of the molestation.  *See Justin B.*, 405 S.C. at 394, 747 S.E.2d at 775 (stating that the minor was indicted for CSCM-First); *see also* S.C. Code Ann. §16-3-655(A)(1) ("A person is guilty of [CSCM-First] if . . . the actor engages in sexual battery with a victim who is less than eleven years of age . . . .").

[7] *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963) (listing seven factors that aid in distinguishing between civil and penal remedies).

[8] We acknowledge that *Dykes* and *Justin B.* did not explicitly reject Appellant's Double Jeopardy challenge; however, the prohibition on double jeopardy protects against, *inter alia*, "multiple *punishments* for the same offense."  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (emphasis added), *overruled on other grounds*

given that Appellant does not raise any new questions of law; indeed, Appellant's case so closely parallels *Dykes* as to be factually and legally indistinguishable. Thus, we find that Appellant has not carried his burden to show that Jessie's Law is unconstitutional beyond a reasonable doubt. *Justin B.*, 405 S.C. at 395, 747 S.E.2d at 776 (citing *Luckabaugh*, 351 S.C. at 135, 568 S.E.2d at 344).

Accordingly, we affirm the circuit court's imposition of GPS monitoring on Appellant for his probation violations. We likewise note that, although Appellant must comply with the GPS monitoring, he is entitled to avail himself of the judicial review process required by *Dykes* and *Justin B. See* S.C. Code Ann. § 23-3-540(H) (providing for judicial review at periodic intervals).

### CONCLUSION

For the foregoing reasons, the judgment of the circuit court is

**AFFIRMED**.

**PLEICONES and KITTREDGE, JJ., concur. HEARN, J., dissenting in a separate opinion in which BEATTY, J., concurs.**

---

by *Alabama v. Smith*, 490 U.S. 794 (1989). As *Dykes* and *Justin B.* both hold that the GPS monitoring requirement is a civil penalty and not a punishment, Appellant's argument that Jessie's Law "increas[es] and expand[s] his punishment as a violation of double jeopardy" is without merit. *See Justin B.*, 405 S.C. at 394, 747 S.E.2d at 775; *Dykes*, 403 S.C. at 506, 744 S.E.2d at 509.

**JUSTICE HEARN:** Respectfully, I dissent. For the reasons discussed in my dissent in *State v. Dykes*, 403 S.C. 499, 744 S.E.2d 505 (2013), I believe the initial imposition of satellite monitoring without an individualized determination of Nation's likelihood of reoffending violates his right to substantive due process. I would therefore find Section 23-3-540(C) of the South Carolina Code (Supp. 2013) unconstitutional, and would reverse and remand for a hearing to determine whether satellite monitoring should be imposed.


**BEATTY, J., concurs.**