**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

James L. Carrier, Appellant.

Appellate Case No. 2012-212777

———————

Appeal from Greenwood County
D. Garrison Hill, Circuit Court Judge

———————

Memorandum Opinion No. 2014-MO-043
Heard September 25, 2014 – Filed October 22, 2014

———————

**AFFIRMED**

———————

Appellate Defender Kathrine H. Hudgins, of Columbia
and E. Charles Grose, Jr., of Greenwood, for Appellant.

Attorney General Alan M. Wilson and Assistant Attorney
General J. Benjamin Aplin, both of Columbia and
Solicitor David M. Stumbo, of Greenwood, for
Respondent.

———————

**PER CURIAM:** In this direct appeal, Appellant James Carrier appeals his conviction for lewd act. We affirm pursuant to Rule 220(b)(1), SCACR, and the

following authorities: <u>Issue 1.</u> *State v. Batchelor*, 377 S.C. 341, 344, 661 S.E.2d 58, 59 (2008) ("The regularity of grand jury proceedings is presumed absent clear evidence to the contrary; the burden is on the defendant to prove facts upon which a challenge to the legality of the grand jury proceedings is predicated." (citations omitted)); *State v. Brownfield*, 60 S.C. 509, 515, 39 S.E. 2, 4 (1901) (finding that where a motion to quash an indictment is unsupported by evidence, "'it cannot be held to have been erroneously denied.'" (quoting *Smith v. Mississippi*, 162 U.S. 592, 601 (1896))); *Shinn v. Kreul*, 311 S.C. 94, 102, 427 S.E.2d 695, 700 (Ct. App. 1993) (noting the argument of counsel is not evidence and, standing alone, provides no support for a finding of fact). <u>Issue 2.</u> *In re Justin B.*, 405 S.C. 391, 409, 747 S.E.2d 774, 783 (2013) (finding the GPS monitoring requirement is a civil remedy and its practical effects are non-punitive, concluding that electronic monitoring is not so severe as to violate the Eighth Amendment prohibition against cruel and unusual punishment, and reaffirming that all sex offenders subject to GPS monitoring may periodically petition for judicial review of the necessity of continued monitoring); *State v. Nation*, 408 S.C. 474, 481–82, 759 S.E.2d 428, 432 (2014) (expressly declining to overrule *Justin B.*). <u>Issue 3.</u> *State v. Herring*, 387 S.C. 201, 216, 692 S.E.2d 490, 498 (2009) ("[W]hether to grant or deny a mistrial is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. The grant of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that the prejudicial effect can be removed in no other way." (citations omitted)); *State v. Kirby*, 269 S.C. 25, 28, 236 S.E.2d 33, 34 (1977) ("The power of a court to declare a mistrial ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious causes.").

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**