6735

STATE v. HUNTER.

MISDEMEANOR—ACCESSORY.—One present aiding and abetting in the commission of a misdemeanor is a principal and may be indicted alone.

Before WATTS, J., Laurens, September, 1907.    Affirmed.

Indictment against Will Hunter, charging him with assault and battery. From sentence on verdict of guilty, defendant appeals.

*Messrs. Ferguson & Featherstone* and *W. R. Richey,* for appellant.

*Solicitor R. A. Cooper,* contra.

February 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was indicted for assault and battery upon Orange Elmore, with intent to kill. It appeared from the testimony that a crowd of negroes were playing cards in the woods, and that the defendants, Roy Hunter, Willie Higgins and Orange Elmore were engaged in the game. The difficulty began between Willie Higgins and Mose Shand, who quarreled about fifteen cents. After that, numerous shots were fired in the crowd, and the testimoney was conflicting as to whether Will Hunter fired the shot that struck Orange Elmore. Several of the State's witnesses testified that he did.

His Honor, the presiding Judge, after charging the general law relating to assault and battery with intent to kill, proceeded to instruct the jury as follows:

"Another principle of law to which I desire to call your attention: where two or more are present aiding in the commission of a 'felony, or acting in concert, it does not make any difference which one shot; if they were acting in concert, the hand of one is the hand of both, the pistol of one is the pistol of both. So two men can be convicted of shooting when only one shoots, if the other man is present, aiding, assisting and abetting, and the man who is assisting need not have a pistol, yet he can be convicted of shooting. All who are present, aiding and abetting are principals in the eyes of the law. So if you should conclude from the facts and testimony that this defendant here did not actually fire the shot, but that he was aiding some one else, a general conspiracy to shoot and violate the law, he would be equally guilty—as I say the hand of one is the hand of both —the hand of one in that instance would be the hand of both."

The jury rendered a verdict against the defendant for assault and battery with intent to kill, and he was sentenced to work on the chain-gang for four years.

The defendant appealed upon the following exceptions:

First. "The defendant respectfully submits that the above charge of the presiding Judge was error, in this case, for the

following reasons: (a) Because the defendant, and the defendant alone, was indicted for assault and battery upon the person of one Orange Elmore. (b.) No other person or persons were jointly indicted with the said defendant, nor did the indictment charge that the defendant aided and abetted anybody else in the commission of the offense. (c) Such being the case, it was error of law for the Circuit Judge to charge the jury that the defendant could be convicted, if he aided and abetted some one else, even though he did not fire the shot—it being respectfully submitted by the defendant, that, under the Constitution and laws of the State, before the defendant could be convicted of aiding and abetting or of being a party to a conspiracy, the indictment should have charged that the other persons committed the offense, so that the said defendant would have been apprised of the facts, upon which the State sought this conviction.

Second. "Because it is respectfully submitted that, under the facts in this case, the presiding Judge should have granted a new trial because of the above error in his charge.

Third. "Because the presiding Judge committed error of law in charging the jury that the defendant, under the facts in this case, could be convicted even though he did not fire the shot, if he were present and aided and abetted the other person in the commission of the offense—the error being in holding and in so charging the jury that, under an indictment charging one defendant with the commission of assault and battery with intent to kill, it can be shown that the said defendant committed the offense by aiding and abetting others, or by being a party to a conspiracy to commit the said offense."

The offense of which the defendant was convicted was a mere misdemeanor; and, in such case, all who are present aiding and abetting the actual perpetrator, are principals, Archbolt's Cr. Pr. & Pl., 66; 12 Cyc., 183.

In this and other States, even in cases of felonies, the distinction between principals in the first and second degree

has been abolished. 1 Enc. of Pl. & Pr., 70-71; *State* v. *Putman,* 18 S. C., 177-8; *State* v. *Burbage,* 51 S. C., 284, 28 S. E., 437.

It was, therefore, not necessary to join others with the defendant in the indictment; and, as the testimony tended to show that the defendant was present aiding and abetting in the difficulty, he was properly convicted as a principal.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.