534 S.E.2d 268

**The STATE, Respondent,**

v.

**Keith DICKMAN, Appellant.**

**No. 25154.**

Supreme Court of South Carolina.

Heard May 24, 2000.
Decided June 19, 2000.

Jared Sullivan Newman, of Daugs, Tedder & Newman, of Port Royal, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General G. Robert DeLoach, III, all of Columbia; and Solicitor Randolph Murdaugh, III, of Hampton, for appellant.

MOORE, Justice:

Appellant was convicted of murder and sentenced to thirty years. We affirm.

## FACTS

On October 19, 1997, a badly decomposed body was found in a wooded area of Beaufort County. The body was later identified as Richard Mandeville (Victim) who lived with appellant and John Seals. Victim had been shot in the back of the head. When questioned by police, appellant and Seals both said Victim had gone to California. Eventually, however, Seals told police that appellant had shot Victim.

Seals testified at trial that appellant shot Victim while the three of them were in appellant's car. Seals was driving, Victim was in the passenger seat, and appellant was in the backseat behind Victim. After shooting Victim, appellant directed Seals to drive to a remote area where they removed the body from the car and dragged it into the woods. Seals emptied Victim's pockets and threw Victim's wallet into the river on the way home. The next day, appellant cleaned the blood from the inside of the car.[1]

Appellant gave a statement to police. After initially indicating Seals was the shooter, appellant told police he had shot Victim. At trial, appellant recanted this statement and testified that Seals was the shooter.

---

1. Seals was charged with misprison (or misprision) of a felony for his involvement in these events.

## ISSUE

Does the evidence support an accomplice liability charge?

## DISCUSSION

Over appellant's objection, the trial judge charged the jury that appellant could be found guilty under a theory of accomplice liability based on "the hand of one is the hand of all." *See State v. Crowe,* 258 S.C. 258, 188 S.E.2d 379 (1972) (if two or more combine together to commit an unlawful act and a homicide is committed by one of the actors as a probable or natural consequence of the acts done in pursuance of the common design, all present participating in the unlawful undertaking are as guilty as the one who committed the fatal act). Appellant contends this was error.

■ At trial, appellant objected to a charge on accomplice liability because the indictment charged him only as a principal. It is well-settled that a defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offense. *State v. Leonard,* 292 S.C. 133, 136, 355 S.E.2d 270 (1987); *State v. Cox,* 258 S.C. 114, 187 S.E.2d 525 (1972); *State v. Hicks,* 257 S.C. 279, 185 S.E.2d 746 (1971); *State v. Hunter,* 79 S.C. 73, 60 S.E. 240 (1908). Accordingly, this argument is without merit.[2]

■ On appeal, appellant argues the evidence does not support an accomplice liability charge. This argument is procedurally barred since it was not raised below. *State v. Tucker,* 319 S.C. 425, 462 S.E.2d 263 (1995); *State v. Bailey,* 298 S.C. 1, 377 S.E.2d 581 (1989) (a party cannot argue one ground below and then argue another ground on appeal).

■ In any event, on the merits, we find the evidence supports the charge. *See State v. Burriss,* 334 S.C. 256, 513 S.E.2d 104 (1999) (law to be charged is determined from the evidence presented at trial and if any evidence exists to support a charge, it should be given). The critical question is

---

**2.** At oral argument, appellant relied on our recent opinion in *State v. Martin,* Op. No. 25093 (S.C. Sup.Ct. filed March 27, 2000), as precedent to the contrary. *Martin,* however, was withdrawn and refiled June 12, 2000. In its revised version, *Martin,* 340 S.C. 597, 533 S.E.2d 572 does not address this issue.

whether there is any evidence appellant and Seals were acting together at the time of the killing if Seals was the shooter as appellant claimed. Although on cross-examination appellant denied he and Seals planned to kill Victim that day, his testimony on direct does provide some evidence of such a plan.

Appellant testified Seals asked him to kill Victim because Victim was always behind on the rent. Appellant told another friend the murder would be on a Sunday and the murder did in fact occur on a Sunday. On the day of the murder, Seals tried to collect the rent from Victim without success. When he subsequently saw appellant, Seals's first words to appellant were "do it." Appellant testified, "I knew what he intended at that time." *Immediately thereafter,* Seals called Victim on the telephone and arranged to pick him up for the fatal car ride.

While they were driving, appellant found the gun wrapped in a towel under the front seat where Seals had put it. He picked up the gun and held it up for Seals to see in the rear view mirror. Appellant's nerve failed him and he did not shoot. When Victim briefly left the car, appellant apologized for not shooting and gave Seals the gun. The two had no further communication between them before Seals allegedly shot Victim.

We find this testimony provides some evidence appellant and Seals were acting pursuant to a plan to kill Victim at the time of the murder. Accordingly, the charge on accomplice liability was properly submitted to the jury.

Appellant's remaining issue is without merit and we dispose of it under Rule 220(b), SCACR. *See State v. Patterson,* 324 S.C. 5, 482 S.E.2d 760 (1997) (any claim that jury was not impartial must focus on the jurors actually seated).

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT, and PLEICONES, JJ., concur.