544 S.E.2d 851

**The STATE, Respondent,**

v.

**Joseph MYERS, Appellant.**

**No. 3316.**

Court of Appeals of South Carolina.

Heard Feb. 5, 2001.
Decided March 12, 2001.

Chief Attorney Daniel T. Stacey, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, Assistant Attorney General Toyya Brawley Gray; and Solicitor Walter M. Bailey, of Summerville, for respondent.

HEARN, Chief Judge:

Joseph Myers appeals his convictions for assault and battery with intent to kill (ABIK) and assault and battery of a high and aggravated nature (ABHAN). He argues the trial court erred in admitting character evidence and in submitting a confusing verdict form to the jury. We affirm.

Myers attended a cookout in February 1998. When Robert Thomas arrived, the two began to argue and were asked to take their argument outside the house. Once outside, the confrontation turned physical, and Myers stabbed Thomas in the neck and abdomen. Mary Young also suffered a cut as she tried to persuade them to leave.

The Orangeburg County Grand Jury indicted Myers on charges of ABIK for assaulting Thomas and ABHAN for assaulting Young. At trial, Thomas testified over defense objection that he picked up a board as he left the house because "I kn[e]w [Myers] was dangerous and I kn[e]w that he carried a knife." Thomas said he dropped the board when Young asked them to leave. As he walked away, Myers's girlfriend blocked his way, asking him if he wanted to fight.

Myers then reached around his girlfriend and began stabbing Thomas.

Myers testified in his own defense. He admitted stabbing Thomas, but claimed he only did so because Thomas threatened him with the board. He feared Thomas would hit him with the board if he turned to leave. Myers testified Thomas did not drop the board until after the stabbing.

At the close of the case, the court held a hearing to discuss the jury charges and verdict form. The court decided to submit two lesser included offenses under the ABIK indictment and one lesser included offense under the ABHAN charge. The court drafted a special verdict form with five interrogatories consisting of a statement followed by a choice of YES or NO and an instruction.[1] The court used the interrogatories because the charges against Myers involved

---

1. The jury form stated:

Please circle the appropriate answers below and follow the accompanying instructions carefully.

1. We the jury unanimously find beyond a reasonable doubt that Joseph Myers, III did in Orangeburg County on or about February 17, 1998, commit an ASSAULT AND BATTERY WITH INTENT TO KILL upon Robert Thomas. **YES  NO**
**If your answer is yes, go to question 4, if your answer is no then proceed to question 2.**
2. We the jury unanimously find beyond a reasonable doubt that Joseph Myers, III did in Orangeburg County on or about February 17, 1998, commit an ASSAULT AND BATTERY OF A HIGH AND AGGRAVATED NATURE upon Robert Thomas. **YES  NO**
**If your answer if yes, go to question 4, if your answer is no then proceed to question 3.**
3. We the jury unanimously find beyond a reasonable doubt that Joseph Myers, III did in Orangeburg County on or about February 17, 1998, commit a SIMPLE ASSAULT AND BATTERY upon Robert Thomas. **YES  NO**
**Proceed to question 4.**
4. We the jury unanimously find beyond a reasonable doubt that Joseph Myers, III did in Orangeburg County on or about February 17, 1998, commit an ASSAULT AND BATTERY OF A HIGH AND AGGRAVATED NATURE upon Mary Young. **YES  NO**
**If your answer is yes, stop and end your deliberations, if your answer is no then proceed to question 5.**
5. We the jury unanimously find beyond a reasonable doubt that Joseph Myers, III did in Orangeburg County on or about February 17, 1998, commit a SIMPLE ASSAULT AND BATTERY upon Mary Young. **YES  NO**
**Stop and end your deliberations.**

two separate victims and each charge had at least one lesser included offense. Myers objected to the court's interrogatory verdict form, arguing it would confuse the jury.

After the court issued its instructions to the jury, Myers renewed his objection. By circling YES on two of the five interrogatories, the jury convicted Myers of ABIK and ABHAN as charged. This appeal follows.

## DISCUSSION

### I. Character Evidence

First, Myers argues the trial court erred in allowing Thomas to testify he knew Myers was dangerous and carried a knife. On appeal, Myers contends this improperly placed his character into evidence. However, at trial the basis of Myers's objection to Thomas's testimony was that the testimony was irrelevant. Myers never argued to the trial court that Thomas's testimony improperly placed his character into evidence. Because his argument now differs from the ground for his trial objection, this issue is not preserved. *See State v. McCray*, 332 S.C. 536, 542, 506 S.E.2d 301, 303 (1998); *State v. Tucker*, 319 S.C. 425, 428, 462 S.E.2d 263, 265 (1995). Myers may not argue one ground at trial and then an alternative ground on appeal. *See State v. Byram*, 326 S.C. 107, 485 S.E.2d 360 (1997); *State v. Bailey*, 298 S.C. 1, 377 S.E.2d 581 (1989). Accordingly, this issue is not preserved for our review.

### II. Special Verdict Form

Next, Myers asserts the trial court's use of interrogatories in its verdict form was confusing and may have obscured the jury's opportunity to find him not guilty.[2] Myers claims the jury form was confusing and prejudiced him by precluding the jury from finding him not guilty. He further

---

2. We address the merits of this issue, although we note its preservation is questionable. At trial, Myers objected because the jury form might confuse the jury. However on appeal, Myers argues the form is defective because it did not contain the words "not guilty." Arguably, trial counsel's objections were based on different grounds. (*See State v. McCray*, 332 S.C. 536, 542, 506 S.E.2d 301, 303 (1998) (stating that a party may not argue one ground at trial and another on appeal)).

asserts that the trial court did not remedy this error through its oral instructions to the jury. We disagree.

The verdict form required the jury to either circle YES or NO for each individual interrogatory reached and instructed the jury how to proceed from one interrogatory to the next. The term "not guilty" did not appear anywhere on the verdict form, although the trial judge stated in her instructions to the jury that one of the possible verdicts was not guilty.

It is the preferred practice to submit the possible verdict of "not guilty" to the jury; however, the law to be charged must be determined from the evidence presented. *State v. Somerset*, 276 S.C. 220, 221, 277 S.E.2d 593, 594 (1981); *State v. Rogers*, 275 S.C. 485, 486, 272 S.E.2d 792, 792 (1980). A jury should be instructed that one verdict it can reach is "not guilty," especially where the crime charged is of a serious nature. *State v. Griggs*, 184 S.C. 304, 315–16, 192 S.E. 360, 365 (1937) (stating that where the trial judge in his charge instructed the jury that if it had a reasonable doubt as to appellant's guilt it must find him not guilty, there is no reversible error if the trial judge then fails to tell the jury that "not guilty" is one verdict it could render). Here, we believe the trial judge's clear and cogent jury instructions ameliorated any possible prejudice emanating from the failure to include "not guilty" on the verdict form.

The trial judge carefully explained the verdict form, which read that each interrogatory must be answered "unanimously ... beyond a reasonable doubt." The judge informed the jury no fewer than fifteen times that the State had the burden of proving Myers "guilty beyond a reasonable doubt." While reading the verdict form to the jury, the judge stated at least an additional eight times that the State must find Myers "guilty beyond a reasonable doubt." Further, the words "reasonable doubt" were mentioned at least seventeen times to the jury, and the jury was advised no less than nine times of its duty to find Myers "not guilty" if the State failed to meet its burden of proof. Additionally, although the verdict form did not have the words "not guilty"on it, neither did it contain the word "guilty." Thus, given the charge, we do not

find that the verdict form prevented the jury from finding Myers not guilty.

**AFFIRMED.**

CURETON and SHULER, JJ., concur.