579 S.E.2d 626

**The STATE, Respondent,**

v.

**Raul H. ARAGON, Appellant.**

No. 3632.

Court of Appeals of South Carolina.

Submitted Jan. 29, 2003.

Decided April 21, 2003.

───────

John J. Stathakis, of Anderson, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson and Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Druanne Dykes White, of Anderson; for Respondent.

GOOLSBY, J.

Raul H. Aragon appeals his convictions for 1) simple assault and battery and 2) assault and battery of a high and aggravated nature. His appeal focuses entirely upon the admission by the trial court of a taped conversation between him and one of the victims. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Aragon assaulted two women one evening. He admitted he slapped one of them. That victim, however, complained of a more extensive assault upon her. She stated that Aragon, among other things, smashed her head against a door jamb, rammed a chair into her stomach, dragged her from her bedroom into the kitchen, and made her plead for her life while threatening to stab her.

Following the assault and at the request of the investigating officer, the victim called Aragon from the sheriff's office and engaged him in a taped conversation. The solicitor's office took custody of the tape after the victim reviewed it. The State introduced the tape into evidence. Aragon argues the State failed to properly authenticate the tape because the State did not establish a chain of custody.

■■■ We think the State, consistent with the requirements of Rule 901, SCRE,[2] regarding authentication, sufficiently established that the tape in question is what it claimed. The victim who made the call to Aragon testified that she had known him for over ten years and once had a relationship with him, that she telephoned Aragon from the sheriff's office and knew the conversation was taped, that she listened to the tape, that she recognized the tape from her initials on it, that the tape fairly and accurately represented the phone conversation, and that the tape had not been edited or altered in any way.[3]

---

**2.** Rule 901, SCRE, provides as follows:

(a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) Testimony of Witness With Knowledge. Testimony that a matter is what it is claimed to be.

. . .

(5) Voice Identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.

**3.** After the tape was admitted and published, the victim further testified she knew her conversation was held with Aragon because she dialed his number and she recognized his voice. *See* Rule 901(b)(6), SCRE (stating that an example of authentication regarding telephone conver-

As for establishing a chain of custody, that was not necessary since the tape was otherwise authenticated.[4]

**AFFIRMED.**

HEARN, C.J., and SHULER, J., concur.

sations may include "evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business...."). At no point in his testimony did Aragon challenge the genuineness of the tape or in any way suggest the tape had been tampered with. Indeed, he seemed to embrace the correctness of the tape, saying when questioned about its contents, "What I said on the tape you heard it. It's all on the tape."

4. *See United States v. Tropeano,* 252 F.3d 653 (2d Cir.2001) (holding that a chain of custody need not be established where the witnesses had first-hand knowledge of conversations and identified the voices on the tape); *McCollum v. State,* 582 N.E.2d 804 (Ind.1991) (holding that a chain of custody need not be established where a participant in a conversation listened to the tape the night before and testified the tape was a true and accurate recording of the conversation).