THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 
 
 
 
 The State, Respondent,
 
 
 

v.
 
 
 
 
 Linart Randolph, Appellant.
 
 
 

Appeal From Newberry County
  James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion No. 2004-UP-607
 Submitted November 1, 2004  Filed December 6, 2004

AFFIRMED

 
 
 
 
 Harry T. Heizer, Jr. and Joshua Kendrick, both  of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General 
 John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, 
 Assistant Attorney General Derrick K. McFarland, all of Columbia; and 
 Solicitor William Townes Jones, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Appellant, Linart 
 Randolph was convicted of murder and sentenced to life without parole.  On appeal, 
 Randolph asserts reversible error in the admission of (1) evidence of his drug 
 use on the night of the murder and, (2) the written statement of his co-defendant.  
 We affirm1 pursuant to Rule 220(b)(2), 
 SCACR and the following authorities:  ISSUE I:  State v. Myers, 
 344 S.C. 532, 535, 544 S.E.2d 851, 852-53 (Ct. App. 2001) (finding where defendant 
 objected at trial on the ground that testimony was irrelevant, he could not 
 argue on appeal that testimony improperly placed his character at issue); State 
 v. Dickman, 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) (holding a party 
 cannot argue one ground below and then argue another ground on appeal); State 
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (stating to 
 be preserved for appellate review, an issue must be raised to and ruled on by 
 the trial judge; though a party need not use the exact name of a legal doctrine 
 in order to preserve an issue, it must be clear that the argument has been presented 
 on that ground); State v. Haselden, 353 S.C. 190, 196, 577 S.E.2d 445, 
 448 (2003) (finding the erroneous admission of character evidence is harmless 
 beyond a reasonable doubt if its impact is minimal in the context of the entire 
 record); State v. Cheeseboro, 346 S.C. 526, 550, 552 S.E.2d 300, 313 
 (2001) (holding where there is other properly admitted evidence of conduct demonstrating 
 the particular character trait in question, there is no reversible error); State 
 v. Schumpert, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) (finding any 
 error in admission of evidence cumulative to other unobjected-to evidence is 
 harmless); ISSUE II: State v. Hughey, 339 S.C. 439, 453, 529 S.E.2d 
 721, 728-29 (2000) (holding the trial judge has considerable discretion in ruling 
 on the admissibility of testimonial and non-testimonial evidence and his determination 
 of admissibility will not be disturbed absent abuse of discretion resulting 
 in prejudice to the complaining party); State v. Schumpert, 312 
 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) (finding any error in admission of 
 evidence cumulative to other unobjected-to evidence is harmless); State v. 
 Taylor, 333 S.C. 159, 172, 508 S.E.2d 870, 876 (1998) (holding in order 
 to reverse a case based on the erroneous admission or exclusion of evidence, 
 prejudice must be shown).
AFFIRMED.
HUFF, KITTREDGE, and BEATTY, 
 JJ., concur.

1 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.