THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Samuel Cunningham, Appellant.
 
 
 

Appeal From Richland County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2005-UP-541
Submitted September 1, 2005  Filed October 12, 2005

AFFIRMED

 
 
 
William T. Toal, of Columbia, for Appellant.  
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General W. Rutledge Martin; and Solicitor Warren Blair Giese, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Samuel Cunningham appeals his convictions for assault and battery of a high and aggravated nature and armed robbery.  We affirm.[1]
FACTS
On the second day of Cunninghams trial, a juror, Anthony Dolo, sent a note to the judge indicating that [he] didnt realize until the end of the day that [he] went to school with Sam [the defendant].  [He] wasnt friends with him.  He [the defendant] was in a higher grade . . .  Following the disclosure of this information, the solicitor requested that Dolo be replaced with an alternate juror.  Cunninghams counsel objected on the basis that the dismissal of the juror would violate Cunninghams rights.  Nevertheless, the trial court granted the request and replaced Dolo with an alternate.  
During the course of the trial, Cunningham elected not to testify in his own behalf.  During closing arguments, the solicitor made reference to money found in Cunninghams home subsequent to the robbery at issue.  The solicitor stated:  The one thing you never got an explanation of is all this money, all this money, all this money thats found 16 hours --.  Cunningham immediately objected to the comment.  A conference was held off the record, and the solicitor resumed his argument.  
Later in his closing, the solicitor stated when they described Samuel Cunningham that night [the night of the robbery], they said he was calm.  Thats the one thing they said about him, unlike Ronnie Davis [another defendant], he was calm.  I think he sat through this entire trial and --.  Cunningham objected, and the objection was sustained.  
During the initial jury charge, the judge instructed the jury that the defendant has a constitutional right to remain silent and has no responsibility to explain anything.  He further advised that the defendants decision not to testify should not be considered in the deliberations in any way.  
Cunningham argued the instruction did not adequately cure any prejudice caused by the solicitors previous comments.  He claimed the States first remark about the money that was found implied that the failure to testify and offer an explanation was somehow indicative of guilt.  Furthermore, the defense claimed the reference to the robbers calm demeanor and Cunninghams behavior at trial could cause the jury to draw impermissible inferences from Cunninghams exercise of the right to remain silent.  
In response to Cunninghams objection, the trial court re-charged the jury extensively on the subject of the defendants constitutional right to remain silent and the legal concept that such silence could not be held against him in any way during jury deliberations.  No further objection was made, and no motion for a mistrial was made.  The jury returned a verdict of guilty on both counts.  
STANDARD OF REVIEW
Whether to replace a juror with an alternate is a matter within the sound discretion of the trial judge, and [an appellate court] will not reverse him on appeal absent an abuse of discretion.  State v. Hurd, 325 S.C. 384, 480 S.E.2d 94, 97 (Ct. App. 1996) (internal citations omitted).  It is impermissible for the prosecution to comment, directly or indirectly, upon the defendants failure to testify.  However, improper comments on a defendants failure to testify do not automatically require reversal if they are not prejudicial to the defendant.  Johnson v. State, 325 S.C. 182, 187, 480 S.E.2d 733, 735 (1997) (internal citations omitted).  An instruction is usually deemed to have cured an error unless, on the facts of the particular case, it is probable that notwithstanding such instruction or withdrawal the accused was prejudiced.  State v. Johnson, 334 S.C. 78, 89-90, 512 S.E.2d 795, 801 (1999). 
LAW/ANALYSIS
1.  Dismissal of Juror
Cunningham argues on appeal that the trial court committed reversible error and violated Dolos rights by removing him from the jury.  Cunningham also contends that the trial court failed to conduct a probing inquiry to determine if Dolo was unqualified.  See State v. Hurd, 325 S.C. 384, 480 S.E.2d at 97 ([I]t is incumbent upon the trial court to conduct a probing and tactful inquiry to determine whether a sworn juror is unqualified . . . .).  Although the procedure employed by the trial court may have been irregular, we are not required to address that issue because the record clearly shows that Cunninghams objection at trial was based on his rights and not the rights of the juror.  
It is well settled that a ground not argued at trial cannot be raised and argued for the first time on appeal.  State v. Davis, 354 S.C. 348, 361, 580 S.E.2d 778, 785 (Ct. App. 2003) (citing State v. Dickman, 341 S.C. 293, 524 S.E.2d 268 (2000)); Durham v. Vinson, 360 S.C. 639, 654, 602 S.E.2d 760, 767 (2004) (citing Taylor v. Medenica, 324 S.C. 200, 479 S.E.2d 35 (1996)).  Consequently, any contention regarding Dolos rights is not preserved for our review.
2.       Improper Argument
Cunningham next argues that he is entitled to a new trial because the remarks by the State in closing argument were improper and prejudicial, and not cured by the trial courts re-charge to the jury.  We disagree.  
Cunninghams first objection to the argument that the jury never got an explanation of all this money. . . . resulted in a bench conference, but no ruling on the objection on the record.  Consequently, this issue is not preserved for our review.  See State v. Rogers, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) (holding that an issue must be raised to and ruled upon by the trial court in order to be preserved for appellate review.)  
In like fashion, the objection to the States second demeanor argument is not preserved.  Cunninghams contemporaneous objection to that remark was sustained and, upon his request, the trial court gave a more explicit curative instruction to ameliorate any prejudice the two remarks may have created.  However, no objection followed.  [N]o issue is preserved for appellate review if the objecting party accepts the judges ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial.  State v. McCord, 349 S.C. 477, 486, 562 S.E.2d 689, 694 (Ct. App. 2002) (internal citations omitted).  
Based on the foregoing, Cunninghams convictions are
 AFFIRMED.
HEARN, C.J., STILWELL, and KITTREDGE, JJ., concur.

[1]  
We decide this case without oral argument pursuant to Rule 215, SCACR.