THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Elijah C.
 Brown, Jr., Appellant.
 
 
 

Appeal From Colleton County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2012-UP-071
 Submitted January 3, 2012  Filed February
8, 2012    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General Christina J. Catoe, all of Columbia; and
 Solicitor Isaac McDuffie Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM: Elijah
 C. Brown Jr. appeals his convictions for armed robbery, strong arm robbery, and
 possession of a weapon during the commission of a violent crime.  He argues the
 trial court erred in allowing the State to present evidence of his purported
 flight when the State did not establish he was aware he was being sought by the
 authorities.  We affirm[1] pursuant to Rule 220(b)(1), SCACR,
 and the following authorities: State
 v. Dickman, 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) (holding an
 argument procedurally barred when a party did not raise it before the trial
 court); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003)
 ("A party need not use the exact name of a legal
 doctrine in order to preserve it, but it must be clear that the argument has
 been presented on that ground."); id. ("A party may not argue one ground at trial and an alternate
 ground on appeal.").[2]
AFFIRMED.
HUFF, PIEPER, and LOCKEMY,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Even if the issue were preserved for review, the
 trial court did not err in allowing the State to present evidence of Brown's
 purported flight.  See State v. Crawford, 362 S.C. 627, 636, 608
 S.E.2d 886, 891 (Ct. App. 2005) (noting "[t]he critical factor to the
 admissibility of evidence of flight is whether the totality of the evidence
 creates an inference that the defendant had knowledge that he was being sought
 by the authorities); id. ("It is sufficient that circumstances
 justify an inference that the accused's actions were motivated as a result of
 his belief that police officers were aware of his wrongdoing and were seeking
 him for that purpose.").