**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Richard Bartee, Jr., Appellant.

Appellate Case No. 2013-001895

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2016-UP-340
Heard March 16, 2016 – Filed June 29, 2016

**AFFIRMED**

Katherine Carruth Goode, of Winnsboro, and Jack B. Swerling, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Christina Theos Adams, of Anderson, for Respondent.

**PER CURIAM:** James Richard Bartee, Jr. appeals his conviction for solicitation to commit a felony, arguing the trial court erred in (1) allowing questioning

concerning a suspension in his employment history and denying his motion for a mistrial based on that questioning; (2) allowing a witness to give a subjective, speculative interpretation of certain statements he allegedly made; and (3) admitting a disk containing the audio recording of a conversation with him, admitting a purported transcript of that recording, and limiting his cross-examination of a witness with respect to that recording. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Bartee's argument that the trial court erred in allowing testimony concerning his employment suspension and in denying his motion for a mistrial: *State v. Brown*, 402 S.C. 119, 125 n.2, 740 S.E.2d 493, 496 n.2 (2013) (stating for an issue to be preserved for appellate review it must have been raised to and ruled upon by the trial court); *State v. Dickman*, 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) (stating a party cannot argue one ground below and then argue another ground on appeal); *Wierszewski v. Tokarick*, 308 S.C. 441, 444 n.2, 418 S.E.2d 557, 559 n.2 (Ct. App. 1992) ("An issue is not preserved for appeal merely because the trial court mentions it."); *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Lynn*, 277 S.C. 222, 226, 284 S.E.2d 786, 789 (1981) (stating the failure to make a proper contemporaneous objection to the admission of evidence "cannot be later bootstrapped by a motion for a mistrial" and waives any objection to the evidence); *State v. Gilmore*, 396 S.C. 72, 84, 719 S.E.2d 688, 694 (Ct. App. 2011) (stating an issue conceded at trial cannot be argued on appeal); *State v. Bantan*, 387 S.C. 412, 418, 692 S.E.2d 201, 204 (Ct. App. 2010) (finding the defendant waived any objection to the denial of his mistrial motion when he refused the curative instruction offered by the trial court).

2. As to Bartee's argument that Nick Blackwell's testimony was speculative: *Gilmore*, 396 S.C. at 84, 719 S.E.2d at 694 (stating an issue conceded at trial cannot be argued on appeal).

3. As to Bartee's argument that Blackwell's testimony was contradictory and lacked credibility: *State v. Needs*, 333 S.C. 134, 144, 508 S.E.2d 857, 862 (1998) ("After the trial court properly has determined a witness is competent, the resolution of the credibility of the witness is within the province of the jury.").

4. As to Bartee's argument that Blackwell's testimony should have been excluded under Rule 403, SCRE: Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Judy v. Judy*, 384 S.C. 634, 641, 682 S.E.2d 836, 839 (Ct. App. 2009) ("The trial court's ruling to admit or exclude evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law."); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) ("A trial court has particularly wide discretion in ruling on Rule 403 objections.").

5. As to Bartee's argument that the trial court erred in admitting the audio recordings: *State v. Mitchell*, 399 S.C. 410, 421, 731 S.E.2d 889, 895-96 (Ct. App. 2012) ("The question of whether to admit evidence under [Rules 1001 to 1004, collectively known as the best evidence rule,] is . . . addressed to the discretion of the trial court." (alteration in original) (quoting *State v. Halcomb*, 382 S.C. 432, 443-44, 676 S.E.2d 149, 154-55 (Ct. App. 2009))); Rule 1002, SCRE ("To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute."); Rule 1001(3), SCRE ("An 'original' of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it."); *Mitchell*, 399 S.C. at 421, 731 S.E.2d at 896 (finding digital photographs downloaded from a camera onto a computer and then copied onto a disk were the "original" photographs pursuant to Rule 1001, SCRE); *id.* (noting the defendant had the opportunity to cross-examine the owner of the digital camera and the police officers as to the handling of the photographs and disk on which the photographs were downloaded); *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (stating for the admission of non-fungible evidence, a strict chain of custody is not required); *State v. Aragon*, 354 S.C. 334, 336-37, 579 S.E.2d 626, 627 (Ct. App. 2003) (stating that establishing the chain of custody of an audio tape was not necessary for the tape's admissibility because the tape was otherwise authenticated); Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.").

6. As to Bartee's argument that the trial court erred in allowing the jury to use the court reporter's transcript of the audio recordings while the recordings were being played in the courtroom: *United States v. Collazo*, 732 F.2d 1200, 1203 (4th Cir. 1984) ("Whether to allow the use of transcripts to aid in the presentation of tape recorded evidence is within the [trial] court's sound discretion."); *State v. Winkler*, 388 S.C. 574, 585, 698 S.E.2d 596, 602 (2010) (finding the trial court did not abuse its discretion by allowing the jury to review a 911 call transcript while the 911 tape was replayed in the courtroom, which mirrored the way the evidence was presented at trial).

7. As to Bartee's argument that the trial court erred in allowing the jury to take the court reporter's transcript of the audio recordings into the jury room during deliberations: *Hoffman*, 312 S.C. at 393, 440 S.E.2d at 873 ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Stroman*, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) ("[A] party 'cannot complain of an error which his own conduct has induced.'" (quoting *State v. Worthy*, 239 S.C. 449, 465, 123 S.E.2d 835 (1962))); *Gilmore*, 396 S.C. at 84, 719 S.E.2d at 694 (stating an issue conceded at trial cannot be argued on appeal).

8. As to Bartee's argument that the trial court erred in limiting his cross-examination of Agent Michael Sloan regarding the audio recordings: *State v. Aleksey*, 343 S.C. 20, 33-34, 538 S.E.2d 248, 255 (2000) ("The right to a meaningful cross-examination of an adverse witness is included in the defendant's Sixth Amendment right to confront his accusers. This does not mean, however, that trial courts conducting criminal trials lose their usual discretion to limit the scope of cross-examination." (citation omitted)); *id*. at 34, 538 S.E.2d at 255 ("On the contrary, 'trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, witness' safety, or interrogation that is repetitive or only marginally relevant.'" (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986))).

9. As to Bartee's argument that the trial court denied his due process right to meaningful review by refusing to allow him to proffer additional testimony from Agent Sloan: *Brown*, 402 S.C. at 125 n.2, 740 S.E.2d at 496 n.2 (stating for an issue to be preserved for appellate review the issue must have been raised to and ruled upon by the trial court).

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**