**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jasmine Nicole Femia, Appellant.

Appellate Case No. 2016-001771

———————

Appeal From Beaufort County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-018
Submitted November 1, 2018 – Filed January 9, 2019

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General W. Jeffrey Young, Deputy Attorney
General Donald J. Zelenka, Senior Assistant Deputy
Attorney General Melody Jane Brown, and Assistant
Attorney General William Joseph Maye, all of Columbia,
for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Commander*, 396 S.C. 254, 270, 721 S.E.2d 413, 421-22 (2011) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion." (quoting *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010))); *State v. Gaines*, 380 S.C. 23, 31, 667 S.E.2d 728, 732 (2008) ("The law to be charged to the jury is determined by the evidence presented at trial."); *State v. Adkins*, 353 S.C. 312, 317, 577 S.E.2d 460, 463 (Ct. App. 2003) ("Generally, the trial [court] is required to charge only the current and correct law of South Carolina."); *id*. at 318, 577 S.E.2d at 463 ("In reviewing jury charges for error, we must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial."); *id*. at 318, 577 S.E.2d at 464 ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law."); *Gaines*, 380 S.C. at 31, 667 S.E.2d at 732 ("To warrant reversal, a trial court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Dickman*, 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) ("It is well-settled that a defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offense."); *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002) ("Under the 'hand of one is the hand of all' theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose."); *State v. Thompson*, 374 S.C. 257, 262, 647 S.E.2d 702, 705 (Ct. App. 2007) ("Mere presence and prior knowledge that a crime was going to be committed, without more, is insufficient to constitute guilt."); *id*. ("However, 'presence at the scene of a crime by pre-arrangement to aid, encourage, or abet in the perpetration of the crime constitutes guilt as a [principal].'" (alteration in original) (quoting *State v. Hill*, 268 S.C. 390, 395-96, 234 S.E.2d 219, 221 (1977))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.