**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Bolmer, Respondent,

v.

Charleston ANUSA, LLC d/b/a AutoNation USA Charleston and Westlake Services, LLC d/b/a Westlake Financial Services, Appellants.

Appellate Case No. 2025-000526

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-308
Heard June 3, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

James Y. Becker and Sarah Addy Hodges, both of Haynsworth Sinkler Boyd, PA, of Columbia, for Appellants.

David Patrick Conway, of Miller Conway, of Goose Creek, and Ashley Scott Waddell, of Overland Park, Kansas, both for Respondent.

———————

**PER CURIAM:** Charleston ANUSA, LLC (AutoNation) and Westlake Services, LLC (Westlake) (collectively, Appellants) challenge the circuit court's order denying AutoNation's motion to compel arbitration. Appellants asserted before the circuit court that "the main dispute here is that Bolmer contends that AutoNation waived its right to arbitrate this dispute by failing to pay the AAA [American Arbitration Association] filing fees." We affirm the circuit court's denial of the motion to compel arbitration.

## Facts and Procedural History

On March 14, 2023, Bolmer purchased a 2012 Ford Focus from AutoNation and financed the purchase through Westlake. He executed AutoNation's Retail Purchase Agreement, which contained a mandatory arbitration provision. Due to oil leaks, Bolmer returned the car pursuant to AutoNation's return policy and bought another vehicle, but Westlake continued to demand payment for the returned Ford Focus. Bolmer claims Appellants' subsequent erroneous credit reporting damaged his credit.

On June 21, 2023, Bolmer filed a demand for arbitration with the AAA. On August 16, the AAA notified Appellants that Bolmer had filed a demand and requested remittance of the required filing fees pursuant to the Consumer Arbitration Rules. This letter stated payment was due by August 30, and that the AAA could decline to administer the dispute if payment was not received by that date. On September 8, the AAA informed Appellants that payment had not been received, gave a deadline of September 23, and explained that it would administratively close the case if it did not receive timely payment.

On September 27, the AAA notified the parties, in writing, that because it had not received AutoNation's fee payment, "we must decline to administer this case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution."

On January 12, 2024, Bolmer filed suit against Appellants and asserted they had waived their right to arbitrate. AutoNation timely answered and filed a motion to stay and to compel arbitration. Following a hearing, the circuit court denied the motion to compel arbitration by Form 4 order.

## Law and Analysis

We find the circuit court properly denied Appellants' motion to stay and to compel arbitration because Appellants waived their right to arbitrate by failing to timely pay the AAA's mandatory filing fees.

"Appeal from the denial of a motion to compel arbitration is subject to de novo review." *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008). "[G]enerally the right to enforce an arbitration clause may be waived." *Evans v. Accent Manufactured Homes, Inc.*, 352 S.C. 544, 550, 575 S.E.2d 74, 76 (Ct. App. 2003). "There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case." *Id.* at 550, 575 S.E.2d at 77 (quoting *Hyload, Inc. v. Pre-Engineered Prods., Inc.*, 308 S.C. 277, 280, 417 S.E.2d 622, 624 (Ct. App. 1992)). "To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right; the court seldom considers the effects of those actions on the opposing party. That analysis applies to the waiver of a contractual right, as of any other." *Morgan v. Sundance*, 596 U.S. 411, 417 (2022).

Bolmer initially filed his claim with the AAA, but the case was administratively closed due to AutoNation's repeated failure to pay the mandatory filing fees. AutoNation argues that because the AAA's notices were sent to the dealer location and not to its registered agent, AutoNation's legal department did not receive notice of the arbitration claim in time to pay the required filing fees. Like the circuit court, we reject this argument; moreover, we find it significant that the Retail Purchase Agreement lists AutoNation's address as 2250 Savannah Hwy—the same address to which the AAA mailed the fee notices.[1]

Bolmer cites several cases in which federal courts have determined that the failure to pay arbitration filing fees constituted a waiver of the right to arbitrate. *See Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 933 (11th Cir. 2019)

---

[1] Once AutoNation contacted appellate counsel's firm, counsel promptly reached out to the AAA to file a notice of appearance. The AAA responded that the arbitration could be reopened with Bolmer's consent, but Bolmer declined. While counsel's promptness is commendable, it does not excuse AutoNation's decision to ignore the AAA's filing fee letters. Although counsel suggests on appeal that perhaps the dealership did not receive these letters, this argument "is procedurally barred since it was not raised below." *State v. Dickman*, 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) (citing *State v. Bailey*, 298 S.C. 1, 377 S.E.2d 581 (1989) (a party cannot argue one ground below and another on appeal)).

(finding the defendant "acted inconsistently with its contractual right to arbitrate when it refused to pay the initial filing fee . . . [and] therefore waived its right to arbitration by failing to pay arbitration fees"); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012-13 (9th Cir. 2005) (concluding under federal law that litigant's refusal to pay the arbitration filing fee, among other things, constituted an act inconsistent with the right to arbitrate); *Musharbash v. JPMorgan Chase Bank,* No. 222-CV-02320-DAD-KJN, 2024 WL 919186, at *4 (E.D. Cal. Mar. 1, 2024) ("Defendant also acted inconsistently with that right to arbitrate by failing to pay the filing fee required to initiate the arbitration for nearly two months. Accordingly, defendant waived its right to arbitrate."); *Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*, 574 F. Supp. 3d 1167, 1171-72 (S.D. Fla. 2021) ("Defendants have clearly waived their right to arbitrate as to all Plaintiffs . . . by failing to comply with the AAA's rules and procedures governing fee allocation—in contravention of this Court's orders."); *Mason v. Coastal Credit, LLC*, No. 3:18-CV-835-J-39MCR, 2018 WL 6620684, at *7-8 (M.D. Fla. Nov. 16, 2018) (finding where the AAA closed its file and declined to administer the case because the plaintiff paid its portion of AAA's fees, but the defendant did not, the defendant "acted inconsistently with its right to arbitrate" and "waived its right to arbitrate this dispute"); *Stanley v. A Better Way Wholesale Autos, Inc.*, Case No. 3:17cv1215-MPS, 2018 WL 3872156, at *6 (D. Conn. Aug. 15, 2018) (defendant waived right to compel arbitration when it failed to pay the AAA's required fees and thus refused "to play by the rules that it had itself agreed to"). Although the underlying circumstances of these cases differ from the situation here, we find them persuasive as to waiver.

The AAA mailed multiple notices over the course of six weeks to AutoNation at the address listed in its own Retail Purchase Agreement. Accordingly, we see no error in the circuit court's denial of Appellants' motion to compel arbitration.

**Conclusion**

Accordingly, the circuit court's order is

**AFFIRMED.**

**THOMAS, MCDONALD, and TURNER, JJ., concur.**